Ruth M. SARGEANT, Plaintiff,
Appellant,

v.

Alexander E. SHARP, II, et al.,
Defendants, Appellees.

No. 77–1239.

United States Court of Appeals,
First Circuit.

Argued Sept. 8, 1977.

Decided May 16, 1978.

**646**

Max D. Stern, Boston, Mass., with whom Stern & Shapiro, Boston, Mass., was on brief, for plaintiff, appellant.

Mitchell J. Sikora, Jr., Asst. Atty. Gen., Boston, Mass., for defendants, appellees.

Before COFFIN, Chief Judge, CAMP-BELL, Circuit Judge, WOLLENBERG,* District Judge.

WOLLENBERG, District Judge.

Appellant contests an order denying a successful plaintiff in a civil rights action an award of attorney's fees sought under the Civil Rights Attorney's Fees Awards Act of 1976, Pub.L. No. 94–559, 90 Stat. 2641 (amending 42 U.S.C. § 1988 (1866)) and, alternatively, on the common law ground of bad faith conduct on the part of the losing party. Plaintiff-appellant sought declaratory and injunctive relief and damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2201 and § 2202 to secure rights, privileges, and immunities arising under the Due Process Clause of the Fourteenth Amendment, the Social Security Act, 42 U.S.C. §§ 1396a–i, and the regulations promulgated thereunder.[1] This substantive claim was settled by a consent decree entered on January 4, 1977, which left the determination of the issues of attorney's fees and costs to the court. A timely motion for attorney's fees was filed. The order appealed from was issued following a settlement conference with the trial judge and was based on the fact that the principal attorney had already received a substantial portion of the $88,816.58 recovery as a contingent fee. In his order, the Judge stated that it was his understanding that an award for attorney's fees "is primarily to cover the services of counsel who undertake to bring such cases as public service for individuals or classes of individuals who are unable to pay."

The questions presented on appeal are whether the circumstances of this case

---

* Of the Northern District of California, sitting by designation.

1. The basis of the claim was the refusal of defendants-appellees, officials of the Massachusetts Department of public Welfare, to effect prompt and complete implementation of a fair hearing decision rendered on June 19, 1975, by the Welfare Department, ordering retroactive payment for skilled registered nurse assistance rendered from November 23, 1966, to February 15, 1973, amounting to more than $88,-000.00. This failure to comply with the decision was alleged to be in violation of the Due Process Clause of the Fourteenth Amendment, various federal and state laws, Welfare Depart-ment regulations, and a declaratory and injunctive order given in a prior judgment. *Henry v. Sharp*, No. 72–1696–S (D.Mass. February 13, 1976). Compensatory and punitive damages were also sought from defendants-appellees in their individual capacities. It was stipulated that plaintiff-appellant, Mrs. Sargeant, was totally disabled by a neurological disorder and in need of the nursing services, that the order of the Referee requiring reimbursement for those services was the final decision of the Welfare Department, and that, until the settlement of the case, the only payment in satisfaction of the order was made on February 6, 1976, in the sum of $46,798.60.

mandated a more formal hearing than that held and whether the District Court Judge abused his discretion by basing his denial of the motion for attorney's fees on improper standards. On both grounds, we vacate the order denying attorney's fees and remand for reconsideration of the issues of entitlement, and, if attorney's fees are awarded, the reasonable amount of such fees.

■■ In holding that a hearing is required in the case at bar, we do not decide whether a formal evidentiary hearing is required in every instance where an award of attorney's fees is contested. But we do hold that the summary disposition of the threshold question of entitlement in an informal unrecorded settlement conference followed by issuance of an order denying counsel fees without an adequate statement of the reasons for the order does not meet minimum standards of procedural fairness and regularity. *See City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 468, 472–74 (2d Cir. 1974); *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974); *Lindy Brothers Builders, Inc. v. American Radiator and Standard Sanitary Corp.,* 487 F.2d 161, 169–70 (3d Cir. 1973); *Farmington Dowell Products Co. v. Forster Mfg. Co.,* 436 F.2d 699, 701–02 (1st Cir. 1970). Nor does an order issued without a deliberate articulation of its rationale, including some appraisal of the factors underlying the court's decision, allow for a disciplined and informed review of the court's discretion. *Farmington Dowell Products Co. v. Forster Mfg. Co.,* 436 F.2d at 701.

■ As to the standards to be employed in an action for attorney's fees, we recognize that the District Court has broad discretion to make the initial determination of whether to allow an award of fees. *See, e. g., Hall v. Cole,* 412 U.S. 1, 4–5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *Johnson v. Georgia Highway Express,* 488 F.2d at 716–17. *See also* House Judiciary Committee Report, H.Rep. No. 94–1558, 94th Cong.2d Sess. 8 (1976) [hereinafter referred to as *House Report*]. However, it appears that in this case the Court made a judgment inconsistent with the sound exercise of discretion. The record does not support a finding that the Court gave adequate consideration to either of the grounds forwarded as a possible basis for the award of fees. In the first instance, the order on its face does not reflect consideration of the possible applicability of the common law ground for the award of fees, *i. e.,* bad faith conduct on the part of the losing party.[2] The denial of the motion was based solely on the civil rights statute's grant of discretion in the award of fees. But the order failed to state the Judge's reasons for departing from the standard controlling the discretion of the court in civil rights actions, *i. e.,* that a successful plaintiff[3] "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). *See also Northcross v. Board of Educ. of Memphis City Schools,* 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973); Senate Judiciary Committee Report, S.Rep. No. 94–1011, 94th Cong.2d Sess. 4 (1976), U.S.Code Cong. & Admin.News 1976, p. 5908 [hereinafter referred to as Senate Report]; *House Report* at 6 (where the *Newman* standard is given explicit legislative approval). The Court seemingly felt that it was proper to deny

---

2. Courts have exercised their equitable power under this doctrine to assess fees against a losing party who has acted "in bad faith, vexatiously, wantonly or for oppressive reasons." *Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973), *but see Cordeco Development Corp. v. Santiago,* 539 F.2d 256, 263 (1st Cir. 1976).

3. It may be argued that the plaintiff in this action was not a "prevailing party" within the meaning of the fees statute. However, the order did not indicate any reliance on this basis

for deciding the entitlement question. Should that question require resolution on remand, it should be settled in light of the congressional indication of the propriety of awarding counsel fees to parties who vindicate their civil rights by litigation which terminates in a consent decree. Senate Judiciary Committee Report, S.Rep. No. 94–1011, 94th Cong.2d Sess. 5 (1976); House Judiciary Committee Report, H.Rep. No. 94–1558, 94th Cong.2d Sess. 7 (1976).

fees altogether solely on the basis of an impression that counsel had already been adequately compensated by a fee agreement and that there were no assurances that some portion of the award would go to compensate the client. The Court should address the issue of entitlement as an antecedent and separate question, applying the *Newman* standard, without regard to the existence of a private fee agreement. Should it decide that an award of fees is warranted, the Court should then set a reasonable fee. This determination too should be divorced from consideration of a fee arrangement. Finally, if the Court finds that an agreement provides for an unethically excessive fee, it may sparingly exercise its supervisory powers over the bar to limit the amount the attorney may actually receive.[4] If, however, the court's concern is merely that granting such fees would result in overcompensation to counsel because it would be in addition to fees received by virtue of a fee agreement, it can exercise its supervisory powers to fashion its order to ensure that the award goes to compensate the client.

■ The facts of this case are atypical of civil rights actions and therefore require particular consideration in deciding whether there are special circumstances that would render an award of fees unjust. Here a private party litigant has agreed to pay her counsel a contingent fee out of her recovery of past-due welfare benefits, obtained by virtue of a consent decree with a public entity. While recognizing that the impact of a fee award on all the parties involved in this case deserves consideration, we must not lose sight of the overriding purpose of the applicable fee award act, i. e., to encourage the private enforcement of civil rights

laws in order to fully vindicate the federal rights involved. *House Report* at 2; *Senate Report* at 5. Congress clearly stated "that the effects of such fee awards are ancillary and incident to securing compliance with these laws, and that fee awards are an integral part of the remedies necessary to obtain such compliance." *Senate Report* at 5, U.S.Code Cong. & Admin.News 1976, p. 5913. It was noted that "[i]f private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court." *Senate Report* at 2, U.S.Code Cong. & Admin.News 1976, p. 5910. The economic factors relevant to the decision as to whether fee shifting in this case would be unjust must be weighed in light of this legislative intent.

■ Should it be determined that counsel is entitled to fees here, the amount of the award must be adequate to provide an incentive "to attract competent counsel." *Senate Report* at 6. The amount of fees awarded[5] was intended to be governed by the same standards prevailing in other types of equally complex federal litigation, such as antitrust cases. *Senate Report* at 6. Subsequent cases have also recognized this need to provide economic incentives to the legal profession. *See, e. g., Keyes v. School Dist. No. 1, Denver, Colo.,* 439 F.Supp. 393 (D.Colo.1977). *See also Berger, Court Awarded Attorneys' Fees: What is "Reasonable"?,* 126 U.Pa.L.Rev. 281, 306–15 (1977). This is not to say that courts are not rightly concerned that windfall fees be avoided and that an otherwise reasonable fee not be made excessive by virtue of a fee

4. We are careful to remark on the fact that this is not a part of the normal process of awarding fees. In *Farmington Dowell Products Co. v. Forster Mfg. Co.,* 436 F.2d 699, 701 (1st Cir. 1970), we stated that "court intervention in fee dispositions is bound to be confined to exceptional circumstances." In that case we set a high standard for a showing of reasons for "the court's decision to declare less than the amount resulting from the fee agreement as the maximum which could ethically be received." *Id.* at

701. That case dealt with the award of fees under § 4 of the Clayton Act, but we think that our reasoning is equally applicable here:

5. We recently discussed the factors to be included in determining that amount in *King v. Greenblatt,* 560 F.2d 1024 (1st Cir. 1977), *appeal pending,* 46 U.S.L.W. 3382 (1977). The Court must set what it, in its discretion, determines is a reasonable fee under the *King* standards.

agreement. *See Farmington Dowell Products Co. v. Forster Mfg. Co.,* 421 F.2d 61, 87 (1st Cir. 1970); *Senate Report* at 6. In this case, the record is unclear on the exact terms of the fee agreement. However, we reiterate that a fee agreement is irrelevant to the issue of entitlement and should not enter into the determination of the amount of a reasonable fee. A private fee arrangement is not in itself "special circumstances which would render an award unjust," and unless the court finds such circumstances, it may not deny fees in this case. If the court sets the fee amount and determines that counsel has already received remuneration equal to or above that amount and that the award will not go to compensate the plaintiff, it would be an abuse of its discretion to deny the award of fees solely on that basis. Such a decision would be undesirable as a "windfall" to the defendants, a frustration of the congressional policy of encouraging the private enforcement of civil rights actions, and perhaps an unwarranted interference with a voluntary attorney-client fee agreement which is not in itself excessive. The better route would be to order that the award reimburse the plaintiff, with any excess over the amount set by the fee agreement going to her counsel. *See Farmington Dowell Products Co. v. Forster Mfg. Co.,* 421 F.2d at 90. In light of the alleged informal nature of the fee agreement, the parties may be amenable to a court determination of the proper allocation of the award as between the client and her counsel.

In conclusion, we do not decide whether this case is one requiring an award of attorney's fees under either of the theories advanced. We do require that the court give proper consideration to these claims, using the guidelines we have set forth. We order that an evidentiary hearing be held and that the issues of entitlement to fees and the amount, if any, to be awarded be determined in a manner consistent with this opinion.

Order vacated and case remanded.