**John E. BUXTON, Oliver C. Henry and Lee E. Washington, Plaintiffs-Cross/Appellants,**

**v.**

**Ichharambhia M. PATEL, Defendant-Cross/Appellee.**

No. 77–1872.

United States Court of Appeals, Ninth Circuit.

May 1, 1979.

Dennis J. Woodruff, San Francisco, Cal., for plaintiffs-cross appellants.

Michael L. Ohleyer, San Francisco, Cal., for defendant-cross appellee.

Before WRIGHT and SNEED, Circuit Judges, and HAUK,* District Judge.

SNEED, Circuit Judge:

Appellants appeal the denial of their requests for attorneys' fees following jury verdicts entered in their favor on claims under 42 U.S.C. § 1982. The sole issue presented in this appeal is whether the district judge abused his discretion under the Civil Rights Attorney's Fees Awards Act, amending 42 U.S.C. § 1988, when he denied appellants' requests for attorneys' fees.[1] We find no abuse of discretion and affirm.

## I.

### FACTS.

Plaintiffs-appellants John E. Buxton, Oliver C. Henry and Lee E. Washington filed a

complaint on April 15, 1976, alleging violation of their rights to lease real property under 42 U.S.C. § 1982. An additional claim alleging violation of their right to contract under 42 U.S.C. § 1981 was dismissed by the district court. Appellants each sought actual damages for alleged loss of profits; compensatory damages of $10,-000; punitive damages of $10,000; litigation costs; and attorneys' fees. Defendant-appellee Ichharambhia M. Patel answered on May 13, 1976, denying any violation and seeking reasonable attorney's fees on a counterclaim for malicious prosecution.

After trial on January 26 and 27, 1977, the jury returned a verdict in favor of each of the three appellants finding no loss of profits, but awarding each $7,500 in compensatory damages and $7,500 in punitive damages. On February 1, 1977, the district judge issued an order entering judgment and assessing costs against appellee, but reserving the question of attorney's fees until after a hearing. On February 18, 1977, the district judge held that hearing and denied appellants' requests for attorneys' fees of $11,574. The district judge stated at the hearing that the judgment entered for the appellants, less the fees to which appellants' attorneys were entitled, provided adequate compensation to the appellants. Patel appealed to this court from the judgment and appellants cross-appealed the denial of attorneys' fees. Patel's appeal was dismissed by stipulation, leaving the denial of attorney's fees as the sole remaining issue.

## II.

### DISCRETION ACCORDED BY § 1988.

The Civil Rights Attorney's Fees Awards Act of 1976 (the "Act"), Pub.L. No. 94–559,

---

* Hon. A. Andrew Hauk, United States District Judge, for the Central District of California, sitting by designation.

1. In *Molina v. Richardson,* 578 F.2d 846, 854 (9th Cir. 1978), this court previously stated in dictum that a district judge need not necessarily award attorney's fees under section 1988.

But the scope of a trial judge's exercise of discretion was not at issue. Moreover, in *Molina* we remanded because the district court had denied attorney's fees without considering section 1988; the question presented in this case was not properly before us.

90 Stat. 2641, *amending* 42 U.S.C. § 1988, provides that in actions such as this one to enforce 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Congress enacted this provision in response to the Supreme Court's decision in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), which generally disapproved of awards of attorney's fees to prevailing parties in federal litigation in the absence of statutory authority.

In this action, the parties dispute the extent of discretion conveyed to trial judges by the Act. Appellee would have us read the statute literally, recognizing a district court's complete discretion in the matter. Appellants, on the other hand, contend that despite the Act's language making an award of attorney's fees discretionary, Congress intended that fees should be awarded in all but exceptional circumstances. They argue that the presumption in *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (per curiam), that successful plaintiffs in suits for injunctive relief under Title II of the Civil Rights Act of 1964 "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," should apply to all awards under § 1988. Because no such special circumstances exist in this case, they assert that it was an abuse of discretion for the trial judge to deny their request for attorney's fees.

The First Circuit in *Sargeant v. Sharp,* 579 F.2d 645 (1st Cir. 1978) appears to support the appellants. In reversing a denial of attorney's fees by the district judge, the circuit observed:

> The Court [district judge] should address the issue of entitlement [of attorney's fees] as an antecedent and separate question, applying the *Newman* standard, without regard to the existence of a private fee agreement. Should it decide that an award of fees is warranted, the Court should then set a reasonable fee.

> This determination too should be divorced from consideration of a fee arrangement. Finally, if the Court finds that an agreement provides for an unethically excessive fee, it may sparingly exercise its supervisory powers over the bar to limit the amount the attorney may actually receive. If, however, the court's concern is merely that granting such fees would result in overcompensation to counsel because it would be in addition to fees received by virtue of a fee agreement, it can exercise its supervisory powers to fashion its order to ensure that the award goes to compensate the client.

579 F.2d at 648 (footnote omitted). Application of the *Newman* standard was deemed necessary to serve the "overriding purpose" of the Act, *viz.* "to encourage the private enforcement of civil rights laws in order to fully vindicate the federal rights involved." 579 F.2d at 648.

While recognizing this "overriding purpose," the Second Circuit in *Zarcone v. Perry,* 581 F.2d 1039 (2d Cir. 1978), *cert. denied,* — U.S. —, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979) refused to apply the *Newman* standard "woodenly without consideration of the underlying factors which generated it." 581 F.2d at 1044. It recognized that when the plaintiff seeks relief other than damages the *Newman* standard should apply. *Cf. Northcross v. Board of Education,* 412 U.S. 427, 93 S.Ct. 2201, 37 L.Ed.2d 48 (1973) (per curiam) (plaintiff's action to desegregate school district); *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 415, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (injunctive action for relief under Title VII); *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (fees to defendant in EEOC Title VII suit). On the other hand, when damages are sought, the Second Circuit believed the district judge should be more hesitant to shift fees. It observed:

> However, where a plaintiff sues for damages and the prospects of success are sufficiently bright to attract competent private counsel on a contingent fee basis, the underlying rationale of the *Newman-Northcross* rule may be inapplicable, since

no financial disincentive or bar to vigorous enforcement of civil rights may exist. *Zarcone v. Perry, supra,* 581 F.2d at 1044.

To determine the need for fee shifting under such circumstances requires a broad inquiry in which numerous factors are weighed. Because in *Zarcone* the Second Circuit trenchantly described this broad inquiry's scope, we quote its words:

This is not to say, of course, that in an appropriate case the nature and extent of the rights and interests at stake may not be considered by the trial judge in determining whether to shift attorneys' fees. For instance, when the claim involves civil rights of broad significance, prosecuted on behalf of a large class, and the prospective monetary award, if the suit is successful, would be modest in relation to the time, effort and skill required of counsel, the district court must weigh these factors in determining whether to award fees. In such a case the prospect of an award supplementing the fees that the successful plaintiff might be able to pay would be essential to attract competent counsel. Other factors entitled to consideration are the size of the benefits conferred by the suit on the public or on others, the amount of any fund created by the litigation (and its adequacy to cover the plaintiffs' costs and compensate him for actual damages), the presence or absence of any bad faith or obdurate conduct on the part of either party, and any unjust hardship that a grant or denial of fee-shifting might impose.

581 F.2d at 1044. We believe *Zarcone's* approach preferable to that of the First Circuit in *Sargeant v. Sharp, supra,* and we shall be guided thereby in the disposition of this case.

### III.

### NO ABUSE OF DISCRETION.

■■■ Turning to the facts of this case, we hold that the district judge's denial of an award of attorney's fees after a separate hearing on the question [2] did not amount to an abuse of discretion under the Act. The appellants' action enforced a single violation of their private rights under the civil rights laws for which they were adequately compensated. Appellee's conduct was reprehensible, but it occurred in an isolated setting, not indicative of a broad violation of rights generally affecting the public. The appellants' chance of success was sufficiently high to enable them to attract competent counsel who were undeterred by the prospect of having to look to the appellants for payment of their fees.[3] Moreover, the damages recovered were not "modest in relation to the time, effort and skill required of counsel"; adequate compensation to counsel was provided from the recovery. Nor did the district judge indicate any evidence or contention that appellee defended this suit in bad faith. Given this background the district judge could properly conclude that the purposes of section 1988 would not be served by an award of fees.

AFFIRMED.

2. It would aid informed review if trial judges weighing the appropriateness of awards of attorneys' fees would set forth briefly the factors underlying their decisions. *See Sargeant v. Sharp, supra,* 579 F.2d at 647. In this case, although the district judge made only a brief statement at the hearing on attorney's fees, sufficient indication of the factors before the court appears in the record for us to conclude that the court did not abuse its discretion. Reconsideration is unnecessary. *Accord, Zarcone v. Perry, supra,* 581 F.2d at 1045.

3. The presence of a contingent fee arrangement is of course neither necessary nor sufficient to justify the denial of attorney's fees. It would be anomalous for courts to discourage contingent fee arrangements by allowing the recovery of fees when such arrangements are absent and denying recovery when they are present. Nevertheless, the presence of such an arrangement may be one indication that the prospects for recovery were bright enough that the potential cost of attorney's fees provided no disincentive to the assertion of rights. Similarly the fact that a plaintiff does not proceed by means of a class action or ask for equitable relief will not preclude an award of attorney's fees. *See Zarcone v. Perry, supra,* 581 F.2d at 1044 n. 3. These are assessments Congress has delegated to the discretion of trial judges. The decision depends not on the monetary outcome of a suit viewed in retrospect alone, but upon an assessment of all the factors we have set forth.