**Charles PHARR, Plaintiff-Appellant,**

v.

**HOUSING AUTHORITY OF the CITY OF PRICHARD, ALABAMA, et al., Defendants-Appellees.**

No. 81–7763.

United States Court of Appeals, Eleventh Circuit.

May 9, 1983.

Blacksher, Menefee & Stein, Larry T. Menefee, Mobile, Ala., Russell J. Jack Drake, Tuscaloosa, Ala., for plaintiff-appellant.

Donald Briskman, Mobile, Ala., for defendants-appellees.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

RONEY, Circuit Judge:

The sole issue on this appeal is the amount of the attorney's fee awarded by the district court.

The plaintiff brought this action alleging the Housing Authority violated his rights under the Fourteenth Amendment to the federal Constitution and 42 U.S.C.A. § 1983 when it fired him from his position as executive director. The parties settled the day the trial was to begin. Plaintiff recovered $25,000 in back pay and damages and an interim salary of $4,000. The defendants also provided him with an administrative hearing after which they voted to reinstate the plaintiff to his position as executive director. Plaintiff moved for an award of attorney's fees under the Civil Rights Attorneys Fees Awards Act, 42 U.S.C.A.

§ 1988. After an evidentiary hearing, the court awarded fees to the plaintiff at a rate of $60.00 an hour for 109.5 hours of work. The award totaled $6,570.

This case is a bit unusual because the plaintiff had agreed with his attorney as to the amount of the fee that would be paid, with a contingency factor for successful litigation included. The agreement provided:

It is my intention to bill you at the rate of $30/hour with the understanding that my final fee is contingent upon the successful conclusion of the litigation. If the litigation is successfully concluded, I will expect final attorney's fees to be either $75/hour or one third of any damages or back pay recovered, whichever is greater. The fees that you pay during the interim at the hourly rate will, of course, be subtracted from such a final determination of fees. Additionally, you will be responsible for the cost in the litigation to which you have already made an initial payment. Both fees and costs will be billed to you not more often than monthly.

The district court did not refer to this agreement in setting the fee, although it did find the fee was contingent.

The district court articulated each of the 12 factors enunciated in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), as the bases for making a fee determination. It found the time devoted to the case, 109.5 hours, to be reasonable. Because actions to protect liberty and property interests are affected by constantly evolving legal standards, the court found the issues involved to be difficult. It found that "few attorneys in this district present 1983 actions with the skill with which this action was presented," and that the plaintiff's attorney, Larry Menefee, demonstrated a high degree of expertise. Based on its finding that the fee was contingent on success, the court determined the attorney "should receive the highest hourly rate which the court thinks that he is entitled to." In considering other factors the court determined that plaintiff achieved a "sig-nificant victory," recognized that plaintiff's counsel has a reputation as a "fine, young attorney," and noted that many attorneys are "chary of accepting civil rights cases."

The district court thus resolved nearly every *Johnson* factor in the plaintiff's favor, with two crucial exceptions. First, the court refused to award any contingency enhancement based on its view that the $60 per hour it awarded was a "high hourly rate" when compared to awards in other, unnamed cases with which it was familiar. Second, in considering the customary fee factor, the court again alluded to its familiarity with the prevailing rates charged for litigation in federal court and its own recent fee awards. It found $60 per hour was reasonable "under all the circumstances," noting that despite Menefee's expertise in civil rights law he was still "young and developing." Again, the court did not cite the cases on which it relied nor did it refer to any of the evidence in the record regarding customary fees or delineate any of the "circumstances" which led it to conclude $60 an hour was reasonable. *See Marable v. Walker,* 704 F.2d 1219 (11th Cir.1983) (decided this day) (plaintiff should be given the opportunity to respond to fees awarded in prior cases on which the court relies).

■ Before both the district court and this Court the defendant maintained the fee recovery should be limited by the terms of the fee contract between the plaintiff and his attorney. We agree.

*Johnson* stated that if the parties have contracted as to amount, the litigant should not be awarded a fee greater than he is contractually bound to pay. 488 F.2d at 718. We note that one other court has taken the position that a fee agreement should not enter into the determination of the amount of a reasonable fee. *Sargeant v. Sharp,* 579 F.2d 645, 648–49 (1st Cir. 1978). The First Circuit there stated that if the fee determined to be reasonable exceeds the amount the client contracted to pay, the fee award should reimburse the plaintiff for the amount he or she is obligated to pay with the excess going to counsel. *Id.* at

649. However, *Cooper v. Singer,* 689 F.2d 929 (10th Cir.1982), *vacated and set for rehearing en banc,* held that an agreement between plaintiff and counsel as to the amount of the fee constitutes the maximum fee allowable under § 1988. *Johnson* is controlling precedent on the point in this Circuit, however.

On the other hand, the plaintiff should be able to recover the amount that he has agreed to pay his attorney, unless that amount is unreasonable under the *Johnson* factors. When the prevailing party and his or her attorney have fairly contracted to establish a fee, the contract represents their notion of what constitutes a reasonable fee. While a court is not bound by such an agreement and may not merely ratify it, *Copper Liquor, Inc. v. Adolph Coors Co.,* 624 F.2d 575, 583 n. 14 (5th Cir.1980) (citing *Piambino v. Bailey,* 610 F.2d 1306, 1328 (5th Cir.1980), *cert. denied sub. nom.,* 449 U.S. 1011, 101 S.Ct. 568, 66 L.Ed.2d 469 (1980)), it will be enforced as long as the fee is reasonable considering all the *Johnson* factors. The court erred in not approaching the case from that standpoint.

The plaintiff and defendant disagree on what the contract provides. To us it is clear. The contract specified that the expected fee for successful litigation was to be the greater of $75 an hour or one-third of any back pay or damages recovered. The former figure would yield a fee of $8,212.50. The amount provided by the latter figure depends on how one computes the term "back pay or damages." The plaintiff received $25,000 in damages payable in installments with interest and $4,000 in interim pay. Additionally he received an administrative hearing and ultimately reinstatement to his position, with the concomitant restoration of his professional reputation.

Plaintiff contends he is entitled to fees in an amount equal to one-third of the total recovery, which he values at $40,000. He estimates the total monetary relief to be somewhere between $32,000 and $33,000, with the remaining amount attributable to the non-monetary aspects of the settlement. This contention ignores the plain language of the contract. It provided that the expected fee would be one-third of any back pay or damages, not one-third of the value of the total recovery including non-monetary relief. The language itself makes it apparent the attorney contracted for a fee based on the amount of the court's monetary award to the plaintiff. Under the contract, the plaintiff would be obligated to pay one-third of $29,000 or $9,667.

A review of all of the *Johnson* factors as found by the district court indicates nothing unreasonable about the plaintiff's contract or the $9,667 fee resulting therefrom. At the hearing, plaintiff's witness testified that a customary fee for a Mobile, Alabama, attorney engaged in non-contingent federal litigation would range from $50 to $100 an hour depending on the nature of the litigation and the attorney's experience. On cross-examination he testified that $75 would be on the low side for an attorney of Menefee's skill and experience. Defendant's own witness stated $65 to $75 would be reasonable. Defendant's attorney offered that he was being paid $60 an hour, a non-contingent fee, at which point the district court commented that plaintiff's counsel was worth no more than defendants'. The rate of $75 an hour would produce a fee of $8,212.50, approximately $1,400 less than $9,667. Such a fee would not include a contingency factor, based on the above testimony.

Therefore, we hold that the district court should have entered an order awarding $9,667 in attorney's fees, rather than the $6,570 which was awarded. Costs of this appeal are taxed against the defendant. If the parties cannot agree on a reasonable fee for prosecution of this appeal, a motion supported by appropriate affidavits will be entertained.

REVERSED AND REMANDED.