James J. SULLIVAN

v.

**CROWN PAPER BOARD CO., INC., Appellant.**

No. 83–1062.

United States Court of Appeals, Third Circuit.

Argued July 18, 1983.

Decided Oct. 14, 1983.

As Amended Oct. 20, 1983.

Alan M. Lerner (argued), Judah I. Labovitz, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for appellant.

Walter M. Phillips, Jr. (argued), Nancy O'Mara Ezold, Phillips & Phelan, Philadelphia, Pa., for appellee.

Before ADAMS and HIGGINBOTHAM, Circuit Judges, and TEITELBAUM, District Judge *

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This appeal arises out of a successful claim brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. (1976). Following a jury verdict in favor of appellee James Sullivan, the district court awarded $116,000 in compensatory and liquidated damages and ordered that Sullivan be reinstated. The district court further awarded plaintiff's counsel $41,287 in attorney's fees under the procedure set forth in *Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973). The issue before us is whether the district court erred in not considering a private contingency fee arrangement in fashioning the statutory fee award. Because this is an inappropriate case for a dual fee recovery, we vacate the district court's award and remand for reevaluation of a fee consistent with this opinion.

### I.

The contingent nature of an attorney's fee recovery is a valid factor in the determination of court awarded fees. The

---

* Hon. Hubert I. Teitelbaum, United States District Court for the Western District of Pennsylvania, sitting by designation.

legislative history of the Civil Rights Attorney's Fee Awards Act of 1976 specifically endorses the standard devised in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir.1974).[1] S.Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5913. *Johnson* focuses on whether the fee is fixed or contingent as one relevant factor, but contains the admonition that "[s]uch arrangements should not determine the court's decision." 488 F.2d at 718, *quoting Clark v. American Marine Corp.,* 320 F.Supp. 709, 711 (E.D.La.1970), *aff'd,* 437 F.2d 959 (5th Cir.1971). *Johnson* immediately qualifies this statement:

> In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay...."

488 F.2d at 718. This qualifying statement can be read as either fixing the maximum attorney's fee award at the contractual ceiling or cautioning against a plaintiff windfall by releasing more funds into his/her hands than he/she is required to pay. Nothing in the legislative history or the case law supports the former interpretation.[2] In fact, limitation of fee awards to a contingency agreement would vitiate Congressional intent to make "fee awards ... an integral part of the remedies necessary to obtain ... compliance [with the appropriate statutes]" and to insure that fees "are adequate to attract competent counsel...." S.Rep. No. 1011, *supra* at 5, *reprinted in* 1976 U.S.Code Cong. & Ad.News at 5913. At its clearest, the legislative mandate would therefore have courts consider the existence of a contingency arrangement, while not allowing such consideration to thwart the enforcement of the substantive statutory rights that gave rise to the fee award provision.

## II.

This Court has yet to determine the procedure by which district courts are to incorporate private fee arrangements into a statutory fee award. As a practical matter, in cases where the statutory fees exceed the private contingent fee arrangements, three distinct orders are possible:

(1) *Defendant can be ordered to pay only the difference between the statutory award and the contingent fee the plaintiff had agreed to pay.* This is an inequitable solution that would give a windfall to the defendant despite the finding of liability. Such a result would also frustrate the legislative policy objective that the fee itself serve as a disincentive to future discriminatory conduct.

(2) *The statutory fee should be paid to plaintiff's attorney with any lesser contingency fee considered satisfied.* This is the accepted formulation in most circuits that have addressed this question:

> [W]e reiterate that a fee agreement is irrelevant to the issue of entitlement and should not enter into the determination of the amount of a reasonable fee.... The better route would be to order that the award reimburse the plaintiff, with any excess over the amount set by the fee agreement going to her counsel.

*Sargeant v. Sharp,* 579 F.2d 645, 649 (1st Cir.1978). The Second Circuit has similarly ruled that

> to the extent counsel receives payment of the Section 1988 statutory award, his

---

1. The fact that attorney's fees under the ADEA are governed by the Fair Labor Standards Act, 29 U.S.C. § 216(b) (1976), rather than the principal fee award statute, 42 U.S.C. § 1988 (1976), is of no consequence. Section 216(b) provides only that "reasonable" fees may be awarded. It has been the practice of federal courts to treat the various fee-shifting antidiscrimination statutes as governed by the same standards. *Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109, 1115 (4th Cir.1981) (treating ADEA fee award under Title VII standards); *Greene v. Whirlpool Corp.,* 538 F.Supp. 352, 356 (W.D.N.C.1982) (same). Moreover, the most recent revisions of the Model Rules of Professional Conduct define appropriate fees along the lines of *Johnson* and *Lindy,* including the consideration of "whether the fee is fixed or contingent." 52 L.W. 5 (Aug. 16, 1983).

2. Only one decision has held that the terms of a contingency fee set the upper limit of a statutory award. *Cooper v. Singer,* 689 F.2d 929 (10th Cir.1982), *reh'g granted,* Jan. 11, 1983. Defendant urges this Court to follow *Cooper* without any other support for this position. Significantly, contrary case law is available within the 10th Circuit itself. *See Fleet Investment Co. v. Rogers,* 620 F.2d 792 (10th Cir.1980).

claim for services rendered under his contingency fee arrangement with his client shall be deemed paid and satisfied.

*Wheatley v. Ford,* 679 F.2d 1037, 1041 (2d Cir.1982). *See also Sanchez v. Schwartz,* 688 F.2d 503, 505 n. 8 (7th Cir.1982); *Copper Liquor, Inc. v. Adolph Coors Co.,* 624 F.2d 575, 582–84 (5th Cir.1980).

(3) *Plaintiff's attorney should recover both the statutory fee and the contingency fee.* This position, advanced by plaintiff here, finds support in *Zarcone v. Perry,* 581 F.2d 1039 (2d Cir.1978), *cert. denied,* 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979). The *Zarcone* court reasoned that

> the prospect of an award supplementing the fee that the successful plaintiff might be able to pay would be essential to attract competent counsel.

*Id.* at 1044. *See also Buxton v. Patel,* 595 F.2d 1182, 1185 & n. 3 (9th Cir.1979) ("[t]he presence of a contingent fee arrangement is of course neither necessary nor sufficient to justify the denial of attorneys' fees").

Without rejecting the possibility of a proper dual fee recovery as a matter of law, we hold that the case at bar does not present an occasion for such an award. *Zarcone* itself allows for dual recovery only

> when the claim involves civil rights of broad significance, prosecuted on behalf of a large class, and the prospective monetary award, if the suit is successful, would be modest in relation to the time, effort and skill required of counsel . . . .

581 F.2d at 1044. Since the present case involves a single plaintiff rather than a class, has limited significance beyond the immediate parties, and presents legal issues that are not novel or complicated, a dual fee recovery would appear to be inappropriate even under the *Zarcone* standard.[3]

---

**3.** Appellee's counsel indirectly challenges this point by claiming that "in those cases where a multiplier is not applied, as was the case here, plaintiff's counsel would be awarded nothing for undertaking the risk...." Appellee's Brief at 13. This claim correctly signals that any rule of law regarding double recoveries must be squared with this Court's endorsement of a multiplier of the lodestar to compensate counsel for the risks taken and the contingent na-

## III.

The record fails to indicate the precise terms of the plaintiff's contingency fee arrangement with counsel. On remand, the trial court should ascertain this amount and allow a recovery of the contingency fee amount or the statutory fee, whichever is greater. If the statutory fee is greater, plaintiff shall be entitled to his full damages award and his obligation to counsel shall be deemed settled in full. Should the contingency fee be greater, plaintiff should be directed to pay to counsel only the difference between the statutory award and the contingent fee.

The judgment of the district court will be vacated and the case remanded for action consistent with this opinion.

---

ture of success. *Lindy Bros. Builders v. American Radiator & Standard Sanitary* (Lindy II), 540 F.2d 102, 117 (3d Cir.1976). As a general matter, the use of the multiplier has striking advantages over dual awards. The multiplier allows the trial court to control the extent to which the risks should be compensated, places the burden for the risk upon the discriminator, allows the victim full recovery and dispels any appearance of an attorney windfall.