**Floyd HAMNER, Plaintiff-Appellant,**

v.

**Manuel RIOS, Manuel Arredondo, Roger Perez, Yolanda Coba, and Charles Ellis, Jr., Individually and as Members of the City Council of the City of Coachella, the City of Coachella, a Municipal Corporation, John Rios, Fire Chief, Raul Romero, City Manager, Bill Vargus, Building Inspector, Henry Tasaka, Director of Planning, and Arthur Valdez, Building Inspector, Defendants-Appellees.**

**No. 84–6397.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 1985.

Decided Aug. 28, 1985.

Edison P. McDaniels, San Bernardino, Cal., for plaintiff-appellant.

Ladell Muhlestein, John A. Daly, Chase, Rotchford, Drukker & Bogust, Los Angeles, Cal., for defendants-appellees.

Before ALARCON and POOLE, Circuit Judges, and ORRICK,* District Judge.

POOLE, Circuit Judge:

Floyd Hamner appeals the denial of his motion for attorney's fees under 42 U.S.C. § 1988. In this appeal, we consider whether the district judge abused her discretion by denying Hamner's motion for attorney's fees, where he and his counsel had executed a contingent fee agreement. For reasons set forth below, we reverse and remand. The existence of a contingent fee agreement is not itself a sufficient reason to deny attorney's fees.

## FACTS

After informing Hamner that a warehouse he owned at 1432 Third Street was unsafe and a public nuisance, the city of Coachella, California sent him a letter on

---

* Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation.

February 19, 1982 notifying him that the building would be destroyed within ten days. Hamner filed a complaint against the city and several municipal officials under 42 U.S.C. § 1983, seeking a preliminary injunction, declaratory relief and damages. The city destroyed his building on June 18, 1982. At trial, a jury returned a verdict for Hamner in the amount of $41,500.00, and awarded punitive damages of $100.00 against each of four defendants.

In the Order denying fees, the district judge began by reducing from 170 to 127 the hours for which Hamner's counsel sought to be compensated. Due to the poor quality of legal research, and for failure to comply with Local Rules of court, the court disallowed time allegedly spent for documents that had to be redrafted. The judge also reduced by 10% the hours claimed "because plaintiff's counsel's figures are simply estimates and not based on actual time records." To set an hourly rate, the court noted that the contingent fee agreement between Hamner and his counsel provided for payment of $3,500.00 plus one-third of any recovery if the case went to trial. Following the agreement, the court calculated that counsel would receive $17,500 in fees, which amounted to a rate of slightly over $100.00 an hour. On this basis, the court set $115.00 an hour as a reasonable rate.

Next the court considered several of the factors governing fee awards articulated in *Kerr v. Screen Extras Guild,* 526 F.2d 67 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). It observed that the result Hamner had desired was an injunction against the destruction of his building. But counsel did not apply for a temporary restraining order, and the building was torn down. Hamner did, however, receive damages in an amount $10,000 less than his own valuation of the property, a recovery the court termed "not modest." The court added that the case neither presented novel or difficult questions nor required extraordinary skill. Any delay was caused by the parties' failure to follow Local Rules of court. Nor was Hamner's counsel precluded from representing other clients during the pendency of this litigation.

Finally, the court noted that it would award no more than $14,605.00 under its analysis of the *Kerr* factors, less than the $17,500.00 contingency fee. Citing *Buxton v. Patel,* 595 F.2d 1182 (9th Cir.1979), the court declined to award any fees, leaving counsel and Hamner to their contingent fee agreement. The court cited *Buxton* for the proposition that "where the application of the various factors in *Kerr* did not weigh strongly in favor of the award and there was a contingency fee agreement concerned about double recovery," a court may leave counsel and plaintiff to the fee agreement.

## STANDARD OF REVIEW

We review a district court's denial of attorney's fees under the abuse of discretion standard. *Ackerley Communications, Inc. v. City of Salem, Oregon,* 752 F.2d 1394, 1396 (9th Cir.1985), *cert. denied,* — U.S. —, 105 S.Ct. 3503, 87 L.Ed.2d 634 (1985). The decision to rely upon affidavits and the record of a case rather than conduct an evidentiary hearing on a fee petition is also reviewed for an abuse of discretion. *American Constitutional Party v. Munro,* 650 F.2d 184, 186 (9th Cir.1981).

## ATTORNEY'S FEES IN CIVIL RIGHTS CASES

The Civil Rights Attorney's Fees Awards Act of 1976 provides that in federal civil rights cases a court "in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Supreme Court has reaffirmed that prevailing civil rights plaintiffs should ordinarily recover attorney's fees unless special circumstances would render such an award unjust. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983), *citing* S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4, *reprinted in*

1976 U.S.Code Cong. & Ad.News 5908, 5912.

■ We have set forth twelve factors to be considered in awarding attorney's fees: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. In deciding whether to award fees, a district court need not discuss each of these twelve factors specifically. *Harmon v. San Diego County*, 736 F.2d 1329, 1331 (9th Cir.1984).

### CONTINGENT FEE AGREEMENTS AND SECTION 1988

The existence of a contingent fee agreement is but one element to consider in analyzing fee petitions under *Kerr*. In *Buxton*, 595 F.2d at 1182, the district court denied plaintiffs' request for attorney's fees after a jury awarded them damages for claims under 42 U.S.C. § 1982. We held that denying fees was not an abuse of discretion, since the case involved only a single isolated violation of civil rights for which plaintiffs were adequately compensated. The damages provided counsel with adequate compensation, and plaintiffs' chance of success was high enough to attract competent counsel. *Id.* at 1185. We also noted that the presence of a contingent fee agreement

> is of course neither necessary nor sufficient to justify the denial of attorney's fees. It would be anomalous for courts to discourage contingent fee arrangements by allowing the recovery of fees

when such agreements are absent and denying recovery when they are present. *Id.* at 1185 n. 3.

Other circuits have agreed that a contingent fee contract is simply one factor to be considered in awarding fees. *E.g., Sullivan v. Crown Paper Board Co.*, 719 F.2d 667, 668–69 (3d Cir.1983); *Lenard v. Argento*, 699 F.2d 874, 899 (7th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 69, 78 L.Ed.2d 84 (1983).

Awarding no fees under section 1988 in this case would reduce Hamner's damages by forcing him to pay counsel from that amount. *Buxton* suggests that this poses no difficulty. 595 F.2d at 1185. Indeed, since one purpose of the Civil Rights Attorney's Fees Awards Act of 1976 was to remove financial impediments that might preclude people from asserting their civil rights, S.Rep. No. 94–1011, 94th Cong., 2d Sess. 2, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5910, the fact that an attorney agreed to represent Hamner on a contingent fee basis might indicate that this congressional policy would be served without a statutory award of fees. *Cf. Samuel v. Benedict*, 573 F.2d 580, 582–83 (9th Cir.1978) (denied fees under Fair Housing Act section providing for fee awards if prevailing plaintiff not financially able to pay; contingent fee agreement indicated plaintiff could afford fees).

The Supreme Court, however, did not distinguish between awards of injunctive relief and damages for purposes of attorney's fees in *Hensley*. 461 U.S. at 429, 103 S.Ct. at 1937. Indeed, *Hensley* undermines language in *Buxton v. Patel* stating that courts should be more cautious in awarding fees where damages are sought and the prospects of success are bright. 595 F.2d at 1184–85. *Hensley* overrules *Buxton v. Patel* to the extent the latter is inconsistent with the ruling in *Hensley* that prevailing civil rights plaintiffs are ordinarily entitled to attorney's fees. The legislative history of section 1988 indicates that "the effects of such fee awards are ancillary and incident to securing compliance with [the Civil Rights] laws, and that fee awards are an

integral part of the remedies necessary to obtain such compliance." S.Rep. No. 94–1011, 94th Cong.2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5913.

Based upon the factors we set forth in *Kerr,* the district judge declared that $14,605.00 would be a reasonable fee in this case. But the court contradicted itself by later suggesting that the *Kerr* factors did not favor an award of fees. On the contrary, the court's own analysis of a reasonable fee award belies this statement. The court's order suggests that it denied fees solely because of the contingent fee agreement between Hamner and counsel. While it invoked *Buxton v. Patel,* the court's decision is contrary to our admonition there that the presence of a contingent fee agreement is not necessary or sufficient to deny fees. 595 F.2d at 1185 n. 3. We emphasize that a different case might be presented if a district judge concludes that fees should not be awarded based upon consideration of all the *Kerr* factors.

■ "A private fee agreement is not itself 'special circumstances which would render an award of fees unjust.' " *Sargeant v. Sharp,* 579 F.2d 645, 649 (1st Cir.1978). According to the First Circuit, denying fees on the basis that counsel already received reasonable fees from a contingent fee agreement would be an abuse of discretion. In the present case, while failing to hold an evidentiary hearing on the fee petition was not an abuse of discretion, the failure to award attorney's fees because of the contingent fee agreement was an abuse of discretion.

We must next consider whether counsel is entitled to the amount of fees set as reasonable by the district court, $14,605.00, or the greater amount of fees provided for in the contingent fee contract, $17,500.00. Approaches to fee awards under section 1988 when there is also a contingent fee contract vary among the circuits. We have previously held that a statutory award is not excessive because it provides for an amount greater than that set by plaintiff and his counsel, since section 1988 authorizes the award of a reasonable fee, not necessarily limited to the fee agreed upon by the parties. *Manhart v. City of Los Angeles,* 652 F.2d 904, 909 (9th Cir.1981), *vacated and remanded on other grounds,* 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983).

In *Sullivan v. Crown Paper Board Co.,* 719 F.2d 667, 668–69 (3d Cir.1983), the district court did not consider a private contingent fee agreement in fixing a statutory fee award. The Third Circuit remanded for ascertainment of the contingent fee agreement's terms, stating that counsel should receive the contingent amount or the statutory amount, whichever is greater. If the statutory fee is greater than the contingent fee, plaintiff's obligation to counsel should be deemed settled; if the contingent fee is greater, plaintiff should pay only the difference between the two fees. *Id.* at 670.

According to *Johnson v. Georgia Highway Express,* 488 F.2d 714, 718 (5th Cir. 1974), counsel for a plaintiff should not receive a fee award in excess of the amount fixed in a contingent fee agreement. However, other courts have refused to view the amount of fees provided for in a contingent fee agreement as a ceiling upon the fees recoverable under section 1988. *E.g., Cooper v. Singer,* 719 F.2d 1496, 1503 (10th Cir.1983) (en banc) (using contingent agreement as limit upon statutory fee awards could overemphasize importance of damages claims at the expense of claims for injunctive relief); *Lenard v. Argento,* 699 F.2d 874, 899 (7th Cir.1983) (contingent fee contract may be considered as a factor, but is not to be an automatic limitation on the fee award).

In contrast, some circuits treat the amount awarded under section 1988 as the ceiling on a fee award, regardless whether recovery under the contingent agreement would be greater. According to the Second Circuit, a claim for services rendered under a contingent fee agreement must be deemed satisfied to the extent counsel receives an award under section 1988. *Wheatley v. Ford,* 679 F.2d 1037, 1041 (2d Cir.1982). The court maintained that such

a result "gives full effect to the Congressional desire to promote private enforcement by allowing citizens 'the opportunity to recover what it costs them to vindicate these rights in court.'" *Id.* The Tenth Circuit recently followed *Wheatley*, adding that the "sparse" legislative history of the Civil Rights Attorney's Fees Award Act implies that the statutory fee should fully define an attorney's right to compensation. If the contingent fee would be greater, a lawyer is expected to reduce his fee. *Cooper*, 719 F.2d at 1504–07.

But the Eleventh Circuit recently refused to treat a statutory award as a ceiling on an award of fees. In *Pharr v. Housing Authority*, 704 F.2d 1216 (11th Cir.1983), the district court declared that a reasonable fee would be less than the amount provided for in the contingent fee agreement. The appellate court reversed, reasoning that when a prevailing party and his counsel have fairly contracted to establish a fee, the contract represents their notion of a reasonable fee and should be enforced if reasonable. Thus, "the plaintiff should be able to recover the amount that he has agreed to pay his attorney, unless that amount is unreasonable." *Id.* at 1218. *Pharr* apparently contemplates payment by the defendants of any difference between the statutory fee amount and the contingent fee.

■ We agree with the holding in *Pharr* that a contingent fee agreement should be enforced if reasonable. Such a rule better preserves the rights of the parties to enter into their own contracts, and avoids unnecessary interference with the attorney-client relationship. To hold that the statutory award is the maximum amount of fees available to counsel, notwithstanding a contingent fee arrangement providing for a higher fee, overlooks the basic nature and purpose of contingent fee agreements. Contingent fee agreements enable plaintiffs with meritorious claims but limited finances to obtain counsel, and they are set to account for the risk of nonrecovery. If attorneys begin to view statutory fees in civil rights cases as inadequate, use of the statutory award as a ceiling on fees could lead to a reluctance to represent civil rights plaintiffs, thus frustrating the intent of Congress.

Unlike *Pharr*, however, we do not believe that the defendant should pay the difference between the statutory award of plaintiff's attorney's fees and the contingent fee amount. Rather, the plaintiff, who entered into the contingent fee contract, is responsible for that sum. While this will reduce a plaintiff's damages recovery, we decline to hold civil rights defendants responsible for an amount in excess of the reasonable fees awarded against them under section 1988. If the contingency fee is greater than the statutory fee, plaintiff shall pay the difference to his counsel. *Sullivan*, 719 F.2d at 670.

■ We emphasize, moreover, that a court is empowered to supervise fee awards under contingent fee agreements to avoid unreasonable results. *Wheatley*, 679 F.2d at 1041; *Krause v. Rhodes*, 640 F.2d 214, 218–19 (6th Cir.1981), *cert. denied*, 454 U.S. 836, 102 S.Ct. 140, 70 L.Ed.2d 117 (1981). In a civil rights case where the plaintiff is the prevailing party and there is a contingent fee contract, a district court should apply the factors set forth in *Kerr* to reach a reasonable fee. If the award under that analysis is less than the contingent fee, the court may consider whether the plaintiff should be compelled to pay the difference between the statutory amount and the contingent fee.

Thus, a court has discretion not to award the difference between the statutory amount and the sum provided for in the contingent agreement. For example, if counsel's performance was particularly poor, or if the court felt that an award beyond the statutory amount would constitute a windfall, it could limit counsel to the lower statutory award. Such a case could arise, for instance, where there is a vast disparity between the statutory award and the contingent amount. Additionally, should a court decide that requiring the plaintiff to pay counsel an amount above the fees paid by defendants would be incon-

sistent with Congress's intent to assure access to counsel in civil rights cases, S.Rep. No. 94–1011, 94th Cong., 2d Sess. 2, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5908, 5910, it has discretion to limit the fee award to the statutory amount.

In this case, the district judge applied the *Kerr* factors to set a fee award of $14,-605.00, but it'erred in awarding no fees due to the presence of the contingent fee agreement. In oral argument, Hamner's counsel indicated that he had already received $3,500.00. Thus, part of Hamner's obligation has been fulfilled. Remand is necessary, for the district judge must exercise her discretion and decide whether Hamner should be required to pay counsel the difference between the statutory fee imposed upon defendants and the amount provided for in the contingent fee contract.

REVERSED AND REMANDED.