46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James DARBY, Jr., Plaintiff-Appellant,
and
Michael R. Mitchell, Appellant,
v.
CITY OF TORRANCE, John Senger, Thomas Aldrich, and the
Torrance Company, Defendants-Appellees.
 No. 93-56638.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Jan. 20, 1995.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 This is an appeal from the district court's denial of attorney's fees in a civil rights action. We reverse.
 
 
 4
 * The plaintiff, James Darby, filed a Sec. 1983 complaint against the City of Torrance, some of its police officers and a local mall, after allegedly being physically abused by officers in a police substation in the mall. Darby alleged that when he did not vacate the mall quickly enough after the police had ordered him to do so, they pushed him into a door jamb, lifted him off the floor by the neck and struck him in the face with a forearm.
 
 
 5
 Darby settled his case with all defendants. Darby then moved for an award of attorney's fees, under 42 U.S.C. Sec. 1988 against the City and officers.[1] The City opposed the motion, arguing that the plaintiff was not the prevailing party and that, even if he were, there were special circumstances rending an award of fees unjust. The district court, in a two-page order, declined to award attorney's fees because Darby's attorney had "already collected an exorbitant contingency fee." E.R. at Tab L.[2]
 
 
 6
 We review a denial of attorney's fees for abuse of discretion. In re Washington Public Power Supply System Securities Litigation, 19 F.3d 1291, 1296-97 (9th Cir.1994). However, whether the district court has applied the correct legal standard is reviewed de novo. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir.1992).
 
 II
 
 7
 Under Sec. 1988, "no fee award is permissible until the plaintiff has crossed the 'statutory threshold' of prevailing party status." Texas State Teachers Ass'n v. Garland Indep. School Dist., 109 S.Ct. 1486, 1491 (1989). Once this threshold is passed, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the cost." 42 U.S.C. Sec. 1988 (emphasis added). The Supreme Court has held that although Sec. 1988 makes awarding fees to prevailing parties discretionary, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (internal quotation marks and citations omitted). Our circuit has stated that the denial of attorney's fees in the absence of such special circumstances would be an abuse of discretion. Herrington v. County of Sonoma, 883 F.2d 739, 744, 745-46 (9th Cir.1989) (holding further that defendants bear a "strong" burden of proof of special circumstances).
 
 
 8
 The only reason articulated by the court for denying attorney's fees was that the plaintiff's attorney had already collected an "exorbitant attorney's fee." However, Appellants argue that the district court could have denied fees because Darby was not a prevailing party and that, even if he were, the circumstances of the case made the award of fees unjust.
 
 
 9
 * Prevailing Party Status
 
 
 10
 Darby rightly points out that Judge Hauk made no indication whatsoever that his denial of attorney's fees was based on a finding that Darby was not a prevailing party. However, the City did argue this point before the district court, E.R. at Tab H, and it is possible that the district court based its decision on this issue. More importantly, this is an issue that can be adequately evaluated on appeal since the test is simple and the facts in the records are sufficient to make the determination here.
 
 
 11
 Plaintiffs need only achieve "some of the benefit which the parties sought in bringing suit" in order to be considered prevailing parties under Sec. 1988. Hensley, 461 U.S. at 433. This is true even if the victory is partial, so long as it is not "purely technical or de minimis." Texas State Teachers, 109 S.Ct. at 1492-93. The fact that the benefit was obtained through settlement is irrelevant. Maher v. Gagne, 448 U.S. 122, 129 (1980).
 
 
 12
 While the prevailing party test articulated in Hensley was quite simple--asking only whether the party obtain some nontrivial benefit--the City reads Maher as significantly expanding the scope of the prevailing party test to include a variety of considerations regarding the course of the litigation. In Maher the Supreme Court declined to question the district court's finding that the plaintiff had obtained sufficient relief to be considered a prevailing party, in part because the district court's finding was "based on its familiarity with the progress of the litigation through the pleading, discovery, and settlement negotiation stages." 448 U.S. at 130. The City reads this passage to mean that the district court is empowered to consider a wide range of factors in determining whether the plaintiff is a prevailing party, not just whether the plaintiff gained some nontrivial relief. The City discusses a host of considerations concerning the course of the litigation that it believes the district court could have used to support a finding that Darby was not the prevailing party.
 
 
 13
 This reading of Maher is misguided. The Court deferred to the district court's judgment as to the sufficiency of the relief obtained. The district court's familiarity with the case places it in a superior position to judge just how much of the relief sought was obtained and whether that relief was significant in light of the goals of the plaintiff. The Court did not, however, alter the actual test to be applied. The sole question remained whether the party gained "sufficient relief through the consent decree to be considered the prevailing party." 488 U.S. at 130. Any doubt about the standard was settled by the subsequent decision in Texas State Teachers, 109 S.Ct. at 1492, which reaffirmed the Hensley standard. The narrowness of this test makes most of the City's arguments irrelevant to prevailing party status.
 
 
 14
 In arguing that Darby was not a prevailing party, the City makes four major arguments. First, the City argues that the settlement for $11,000 is too small to make Darby a prevailing party. However the Supreme Court requires only the attainment of "some of the benefit" sought by the plaintiff. Hensley, 461 U.S. at 433. The award is certainly more than the de minimis relief as contemplated in Texas State Teachers. See 109 S.Ct. at 1493. Furthermore, courts have awarded fees in similar cases. See Quesada v. Thomason, 850 F.2d 537 (9th Cir.1988) (plaintiff was prevailing party in case that settled for $17,500).
 
 
 15
 Second, the City argues that it settled the case only to avoid greater litigation costs and that Darby would have lost if the case had gone to trial. This argument fails because the prevailing party test does not turn on why the plaintiff obtained this benefit, but only asks whether the benefit was in fact obtained. Furthermore, if defendants were allowed to raise the probability of success at trial as a defense to the award of attorney's fees, the court would be required to conduct a mini-trial on the merits even though the case had settled. The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. at 437. It has further held a party may prevail through settlement since "[n]othing in the language of Sec. 1988 conditions the District Court's power to award fees on full litigation of the issues or a judicial determination that the plaintiff's rights have been violated." Maher, 448 U.S. at 129. To allow a district court to deny attorney's fees based on the probable outcome of the trial on the merits would require a "second major litigation" and would effectively premise the award of fees on a "judicial determination that the plaintiff's rights have been violated."
 
 
 16
 Third, the City argues that Darby was not the prevailing party because no civil right was vindicated, no law was changed, and no larger public benefit was gained. Even if we accepted the City's characterization of the outcome of the case, these considerations are irrelevant when the plaintiff sought, among other things, money damages which he did obtain through the settlement. See Herrington, 883 F.2d at 744-45. The City recasts this argument as failure to effectuate a change in the legal relations between the plaintiff and defendant. See Texas State Teachers, 109 S.Ct. at 1493. However, a settlement for money damages does change the legal relationship of the parties: the City is now legally indebted to Darby.
 
 
 17
 Finally, the City argues that the denial of fees was justified because the plaintiff's lawyer brought this case as part of a series of cases intended to expand the law regarding attorney's fees under Sec. 1988. The City's point seems to be that this case was not brought to vindicate Darby's rights, but rather to test a legal theory. It is difficult to see how a court could deny fees to a plaintiff for the actions of his lawyer in prior, unrelated cases. More importantly, the reasons for bringing the suit are not relevant to whether the plaintiff in fact prevailed in that suit. See Herrington, 883 F.2d at 744-45.
 
 
 18
 We hold, therefore, that Darby was the prevailing party.
 
 B
 Special Circumstances
 
 19
 The district court found only one fact that might plausibly be considered a "special circumstance" rendering an award unjust--the existence of a contingency fee arrangement between Darby and his lawyer. However, this circuit has squarely addressed this issue in the past and held that "the failure to award attorney's fees because of the contingent fee arrangement [is] an abuse of discretion." Hamner v. Rios, 769 F.2d 1404, 1408 (9th Cir.1985). See also Quesada, 850 F.2d at 539.
 
 
 20
 The City does not attempt to distinguish these cases and, instead, argues that the district court could have found and relied upon other facts as constituting the "special circumstances" sufficient to deny Sec. 1988 fees. However, the district court did not cite any other circumstances of the case as the basis for its denial of attorney's fees. The Supreme Court has held that it is "important ... for the district court to provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437. The Ninth Circuit has further stated that courts "must articulate reasons for any departure from the general rule that prevailing parties are to be awarded fees, identifying any special circumstances and explaining why they render an award unjust." Herrington, 883 F.2d at 744. This requirement is important because the "special circumstances" test, unlike the prevailing party test, is a very fact-specific inquiry that can only be adequately reviewed on appeal if the district court clearly sets forth its reasoning and findings of fact. We presume that the district court was cognizant of its responsibilities and did in fact articulate all the reasons upon which it based its decision. Given this presumption and the strong presumption in favor of awarding attorney's fees to prevailing parties under Sec. 1988, we decline to entertain the City's invitation to hypothesize alternative justifications for the denial.
 
 
 21
 The denial of attorney's fees is, therefore, REVERSED. Upon REMAND the case shall be assigned to a different judge for proceedings consistent with this disposition.
 
 
 
 *
 Honorable Danny J. Boggs, United States Circuit Judge, Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pursuant to his settlement agreement with the mall, Darby did not ask for attorney's fees from the Torrance Company. Hereinafter, the City and the police officers are collectively referred to as "the City."
 
 
 [2]
 While the district court also makes mention of a misstatement in the plaintiff's brief, it is clear from the record that the plaintiff himself was seeking attorney's fees, not his lawyer. See Notice and Motion for Attorney's Fees, E.R. at Tab D, at 1. On appeal, the defendants do not attempt to justify the denial on this ground, but point to other facts justifying the denial. To the extent that the district court actually relied upon this misstatement as grounds for denying fees, it was an abuse of discretion