366 So.2d 456 (1978)
HARTFORD Accident & INDEMNITY COMPANY, Appellant,
v.
George Frederick SMITH and Frank Melvin Stewart, Appellees.
Nos. 77-2363, 77-2695.
District Court of Appeal of Florida, Fourth District.
December 13, 1978.
Rehearing Denied February 14, 1979.
*457 G. William Allen, Jr. of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellant.
Ben J. Weaver of Weaver & Weaver, Fort Lauderdale, for appellees.
DAUKSCH, Judge.
This is an appeal from two post judgment orders granting attorneys fees as costs, in the first instance, and a bond premium for a supersedeas bond appellees had posted, in the second order. As to the order granting the attorneys fees, we must reverse because the judgment which preceded that order did not reserve jurisdiction in the trial court for any future award of past attorney's fees. Church v. Church, 338 So.2d 544 (Fla.3d DCA 1976); Frumkes v. Frumkes, 328 So.2d 34 (Fla. 3d DCA 1976). Since the statute which provides attorneys fees in cases such as this requires the award of attorneys fees to be included in the judgment the court had to make the fees a part of the judgment or at least reserve jurisdiction to award the fees upon motion and proof. Section 627.428, Florida Statutes. As has been often stated the statutory award of attorneys fees is in derogation of the common law and such statute must be strictly construed. Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34 (Fla. 1975).
This is not a case similar to Washington v. Rodgers, 201 So.2d 636 (Fla. 4th DCA 1967) where the request for attorney's fees was made within the time after judgment for the filing of a motion for rehearing. See also McCallum v. McCallum, 364 So.2d 97 (Fla. 4th DCA 1978).
The award of the bond premium as costs was also error. The bond premium was not incurred in the action in which those costs were awarded. The appellee had first sued the appellant for its alleged failure to defend a lawsuit. As a result of appellants failure to defend appellee, it is alleged appellee was required to post a supersedeas bond and pay a premium. If all of this is true then the bond premium is an item of damages in the lawsuit of appellee versus appellant, not an incidental cost in that lawsuit.
The order awarding attorneys fees and the order awarding the bond premium as costs are both reversed.
REVERSED.
CROSS and LETTS, JJ., concur.