Arnold SILVERBERG, Plaintiff-Appellee,

v.

PAINE, WEBBER, JACKSON & CURTIS, INC., a Delaware Corporation, and Hubert T. Houston, Defendants-Appellants.

No. 81–6082.

United States Court of Appeals, Eleventh Circuit.

Jan. 31, 1983.

See also 11th Cir., 710 F.2d 678.

Delbridge L. Gibbs, Marks, Gray, Conroy & Gibbs, Nick V. Pulignano, Jr., Jacksonville, Fla., for defendants-appellants.

Charles P. Pillans, III, Peter D. Webster, Jacksonville, Fla., for plaintiff-appellee.

Before RONEY and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This Court having affirmed the judgment of the district court, plaintiff-appellee has filed his motion pursuant to Section 517.-211(6), Fla.Stat. (1979), to award a reasonable attorney's fee for services rendered by his attorneys on this appeal "in an amount to be determined by the district court upon remand." Defendants-appellants filed their objections.

Defendants-appellants base their opposition on the failure of the plaintiff-appellee to comply with the provisions of Section 59.46, Fla.Stat. (1981), which reads as follows:

*59.46 Attorney's Fees*

\*   \*   \*   \*   \*   \*

(2) When attorney's fees are allowable by law for services in the appellate court, the request therefor shall be presented by motion filed with the clerk of the appellate court at or before the time of filing the party's first brief. The motion for attorney's fees shall not be incorporated in the briefs or other bound papers, but shall be filed on a separate paper. The assessment of attorney's fees may be remanded to the trial court.

Appellants urge that this Court is bound by the decision of the Court of Appeals for the Fifth Circuit in *Blasser Brothers, Inc. v. Northern Pan American Line,* 628 F.2d 376 (5th Cir.1980),[1] which held that the provi-

---

1. This Court has adopted the decisions of the Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981 as binding precedent for this Court.

sions of Section 59.46 of the Florida Code were binding in a diversity action arising in the State of Florida.

Appellees respond by stating that the attorney's fees sought in *Blasser* arose under the provisions of the Florida Insurance Code, Section 627.428, which provides: "1) Upon rendition of a judgment or decree by any of the courts of this state against any insurer and in favor of an insured . . . the trial court . . . shall adjudge or decree against the insurer . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the suit . . . 3) When so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case."

Appellees point to the fact that the judgment for attorney's fees which they sought in this case arose under Section 517.211(6) of the Florida Code. This Section provides:

> In any action brought under this Section [deals with remedies available in case of unlawful sale] including an appeal, the court shall award reasonable attorney's fees to the prevailing party unless the court finds that the award of such fees would be unjust.

Appellee shows that immediately upon the conclusion of the trial in the district court he moved for modification of the judgment to include a provision for attorney's fees. The trial court overruled this motion and held that the allowance of attorney's fees under this Section constituted an element of costs. Appellee, therefore, contends that Section 59.46 is not applicable because what we are dealing with in the case before us is a motion by counsel for the inclusion of an attorney's fee covering the services performed on appeal as to an item which the trial court has determined to be a part of the costs to be taxed against the party ultimately cast in the action.

■ Since appellant did not appeal from the order of the trial court in determining that attorney's fees under Section 527.-211(6) are not a part of the judgment, but are an element of costs, this order has become the law of the case. It amounts to a construction by the trial court of Section 517.211(6) as providing for an attorney's fee

thereunder as an element of costs rather than as an attorney's fee as mentioned in the Insurance Code, which specifically requires a provision for an attorney's fee for a prevailing party to be made a part of the judgment or decree.

■ We, therefore, conclude that the filing of the petition for the attorney's fee by the appellees following the entry of final judgment by this Court was not out of time under any applicable state statute or federal rule.

We conclude that the motion should be granted. Upon remand to the district court, the court shall assess a reasonable attorney's fee for the services of counsel on this appeal.

RONEY, Circuit Judge, dissenting:

I respectfully dissent from the award to appellee of attorney's fees for services on this appeal. This Court has previously held that Section 59.46(2) of the Florida Code, which prescribes the filing time for recovery of attorney's fees on appeal, must be followed in a federal diversity action involving Florida law. *Blasser Brothers, Inc. v. Northern Pan American Line,* 628 F.2d 376, 386 (5th Cir.1980). Here, plaintiff-appellee did not comply with Section 59.46(2).

*Blasser* is not distinguishable on the basis that a different statutory grant of attorney's fees was involved in that case. Although the Florida legislature has described the nature of attorney's fees in different ways, it has decreed in Section 59.46(2) that a universal procedure be adhered to when asserting the right to those fees on appeal. Section 59.46(2) draws no distinction between attorney's fees as part of the judgment and attorney's fees as costs. This state statute is applicable to the present action and should be followed in a federal court.