Philip M. ARCENEAUX and Barbara J. Arceneaux, his wife, Plaintiffs,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, et al., Defendants.

No. 83–241–Civ–T–15.

United States District Court, M.D. Florida, Tampa Division.

Aug. 20, 1984.

Robert Dyer, David W. Pettis, Jr., Duckworth, Allen, Dyer & Pettis, P.A., Orlando, Fla., for plaintiffs.

David G. Hanlon, Shackleford, Farrior, Stallings & Evans, P.A., Tampa, Fla., for Merrill Lynch and Hill.

William T. Keen, Tampa, Fla., for Ribaudo.

## ORDER

CASTAGNA, District Judge.

The Court has for consideration a number of post-trial motions pending in this case. They include: Plaintiffs' Renewed Motions for Directed Verdict and Motion to Remove from the Jury's Consideration Waiver and Ratification Defenses; Defendants' Motion for Judgment Notwithstanding the Verdict, for a New Trial, or for Remittitur; Plaintiffs' Motion to Alter or Amend the Judgment to Include an Award of Prejudgment Interest; Defendants' Objection to Bill of Costs; Plaintiffs' Petition for Attorneys' Fees; and Defendants' Motion to Strike Plaintiffs' Reply to Merrill Lynch's Objection to Attorneys' fees Petition.

### Bill of Costs

The Court has examined the costs as taxed by the Clerk, together with Defendants' objections thereto, and finds well taken the objection to the taxing of the cost of the trial transcript. Plaintiffs have not demonstrated that such transcripts were necessary for use in the case as opposed to convenient. *See Studiengesellschaft Kohle MBH v. Eastman Kodak Co.,* 713 F.2d 128 (5th Cir.1983); *Brumley Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1362 (5th Cir.1983). Therefore, the amount of $543.50 for these transcripts will not be taxed to Defendants. Otherwise, the costs will remain as taxed by the Clerk, in the total amount of $1,676.27.

### Defendants' Motion for JNOV, New Trial, or Remittitur

Defendants have moved for a Judgment Notwithstanding the Verdict, for a New Trial or for Remittitur. Defendants contend that the jury's verdict sustaining Plaintiffs' claims of churning and breach of fiduciary duty and rejecting of the defenses of estoppel, waiver, ratification and comparative negligence was unsupported by any substantial evidence or was against the great weight of the evidence.

The Eleventh Circuit has recently spoken to the role of the trial judge in assessing whether a jury verdict should be set aside or a new trial ordered:

> The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow. The trial judge must protect against manifest injustice in the jury's verdict. *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1559 (11th Cir.1984).

The gist of Defendants' argument is simply that the jury should not have believed Plaintiffs or Plaintiffs' expert. The jury did, however, choose to believe them, and that choice cannot be disturbed by the trial judge. In reviewing the granting of a new trial in a case that also involved expert testimony, the Eleventh Circuit stated in *Hewitt:*

> When a jury is assembled to decide issues of fact they also decide credibility questions. The most traditional role performed by a jury is determining the weight to be given to each witness' testimony. The trial judge must see to it that only properly qualified experts present their opinions to the jury and that the rules of evidence are followed. When the resolution of the case boils down to credibility, the trial judge must allow the jury to function. 732 F.2d at 1558.

In this case the Court perceives no basis upon which to set aside the jury's verdict or to order a new trial.

■ The Defendants have also moved for a remittitur of the punitive damage awards against Defendants Ribaudo and Merrill Lynch. Defendant Ribaudo argues that punitive damages of $15,000 assessed against him are disproportionate to his net worth of $30,000 and thus are patently excessive. As Plaintiffs point out, however, Ribaudo also testified that his income for the past three years had been between $80,000 and $105,000. The jury, having no evidence before it other than Mr. Ribaudo's testimony, could well have found not credible that a person whose income was in the $90,000 per year range had a net worth of only $30,000. At any rate, from the evidence before the jury, it cannot be said that the punitive damages were excessive either in terms of Ribaudo's ability to pay them or in light of his conduct toward Plaintiffs. As for the $300,000 in punitive damages assessed against Merrill Lynch, the Court discerns no basis on which to reduce the award.

### Plaintiffs' Renewed Motion for Directed Verdict

Plaintiffs have moved to renew their motion for directed verdict on the issues of estoppel, waiver, and ratification. Although Plaintiffs at trial moved to strike the defense of estoppel, a motion which was denied, they did not move for directed verdict on this issue or on the issues of waiver or ratification. Therefore, they can not now properly "renew" their motion for directed verdict to include those defenses. Further, even if Plaintiffs could now properly raise such a motion, the motion would be denied.

### Plaintiffs' Motion to Amend Judgment

■ Plaintiffs have moved to amend the judgment to include an award of prejudgment interest on the sum of $46,675.00 awarded as compensatory damages against Defendants. Although defendants argue that whether prejudgment interest should be awarded should be determined by reference to Florida law, it is clear that "[i]n determining whether prejudgment interest is allowed on damages pursuant to Rule 10b–5, federal law governs." *Wolf v. Frank*, 477 F.2d 467, 479 (5th Cir.1973), *reh'g denied*, 478 F.2d 1403, *cert. denied*, 414 U.S. 975, 94 S.Ct. 287, 38 L.Ed.2d 218 *reh'g denied*, 414 U.S. 1104, 94 S.Ct. 739, 38 L.Ed.2d 560, *appeal after remand*, 555 F.2d 1213 (1977). *See also Alley v. Miramon*, 614 F.2d 1372, 1381 n. 18 (5th Cir. 1980); *Huddleston v. Herman & MacLean*, 640 F.2d 534, 554 (5th Cir.1981). It is clear also that "whether prejudgment interest should be awarded on a damage recovery in a Rule 10b–5 action is a question of fairness resting within the District

Court's sound discretion." *Wolf v. Frank,* 477 F.2d at 479. As to the state law claims, however, Florida law governs. *Plantation Key Developers, Inc. v. Colonial Mortgage Co. of Indiana, Inc.,* 589 F.2d 164, 170 (5th Cir.1979). In this case, involving unliquidated damages, prejudgment interest would be precluded by the Florida courts. *Cavic v. Grand Bahama Development Co., Ltd.,* 701 F.2d 879 (11th Cir.1983).

■ There exists little guidance from the Eleventh Circuit concerning this issue. Cases from other circuits, however, indicate that this case is appropriate for an award of pre-judgment interest. In *Myron v. Chicoine,* 678 F.2d 727, 733 (7th Cir. 1982), the Court stated that "an award of prejudgment interest is particularly appropriate in cases involving investment fraud. In order to realize the objective of compensatory relief, prejudgment interest is imposed in certain classes of cases in order to make a party whole." Similarly, the Second Circuit noted in *Norte & Co. v. Huffiness,* 416 F.2d 1189, 1191 (2d Cir.1969), that "[u]nder the federal cases the award of interest is said to be discretionary, and the authorities indicate that it is customary to award it in cases involving a breach of fiduciary duties." Therefore, in order to make Plaintiffs whole for the damages suffered as a result of wrongdoing by Defendants Ribaudo and Merrill Lynch, the Court will amend the judgment to reflect this interest.

### Plaintiffs' Motion for Attorneys' Fees

■ Plaintiffs have petitioned the Court for attorneys' fees. This case presents a situation where Plaintiffs sued in federal court under a federal statute for which attorneys fees are not available. Under their pendent Florida Securities Act claim, however, they are entitled, as the prevailing party, to an award of fees. Section 517.211(6) provides:

> In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the

prevailing party unless the court finds the award of such fees would be unjust.

Defendants do not contest the applicability of this statute to this case; rather, they contend that the Court lacks jurisdiction to enter an Order granting attorneys' fees because the Plaintiffs' motion is untimely. The final judgment in this case was entered on May 2, 1984, but Plaintiffs did not file the instant motion until June 19, 1984. Under Defendants' theory, an award of attorneys' fees at this late date would constitute an alteration or amendment of the judgment, which, under Rule 59(e) of the Federal Rules of Civil Procedure, is barred unless the moving party serves his motion for such alteration within ten days of the entry of final judgment.

In support of their position, Defendants have cited several Florida cases in which it was held that failure of the trial court to reserve jurisdiction to enter an attorneys' fees order constituted a bar to a later entry of that order. *See e.g., Church v. Church,* 338 So.2d 544 (Fla. 3rd DCA 1976). The clearest case along this line is one in which the statute provides that the attorneys fees award is to be included in the judgment; hence, the trial court must include the fees in the judgment or specifically reserve jurisdiction to do so later. *Hartford Accident & Indemnity Co. v. Smith,* 366 So.2d 456 (Fla. 4th DCA 1978). The statute involved in the instant case, however, makes no such provision.

A recent Eleventh Circuit case concerning the timing of a motion for attorneys' fees on appeal under Section 517.211(6), Florida Statutes, is somewhat helpful in resolving this issue. The losing party in *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.,* 724 F.2d 1456 (11th Cir.1983), appealed the award of attorneys' fees to the prevailing party after entry of final judgment by the Court of Appeals. The prevailing party, it was argued, had not complied with Section 59.46, Florida Statutes, which requires a motion for attorneys' fees on appeal to be filed with the appellate court at or before the time of filing the party's first brief. The trial

judge, Judge Black of the Middle District of Florida, had previously ruled, in reference to Plaintiff's timely motion under Rule 59(e) to modify the judgment to include attorneys' fees, that attorneys' fees under this statute were an item of costs. The Defendants had not appealed that particular ruling, and it became law of the case. The *Silverberg* case is the only reported case the Court has uncovered where either a federal or Florida court has specifically held that an attorneys' fee award pursuant to Section 517.211(6), Florida Statutes, need not be made part of the judgment.

In *White v. New Hampshire*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court held that a motion for attorneys fees under § 1988 raised issues collateral to the main action and that therefore the time constraints of Rule 59(e) did not apply to the filing of the motion. Like 42 U.S.C. § 1988, Section 517.211(6), Fla.Stat. provides for an award of fees only to the "prevailing party." Thus, "[r]egardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'" 455 U.S. at 451–52, 102 S.Ct. at 1166. The *White* Court went on to cite with favor the following language from *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir.1980):

> [A] motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a change in the judgment, but merely seeks what is due because of the judgment. It is, therefore, not governed by the provisions of Rule 59(e).

Having considered all of the authorities cited to the Court by both parties, and the Court's independent research having uncovered no cases more persuasive than those cited herein, the Court has concluded that Plaintiff's Petition for Attorneys' Fees is not barred on the basis of untimeliness, and it will therefore consider the merits of the motion.

Defendants first urge the Court to deny Plaintiffs' attorneys' fees petition because "the award of such fees would be unjust" and therefore prohibited by Section 517.211(6), Fla.Stat. The Court is not persuaded by this argument. The Court recognizes that such an award will indeed impose an additional burden upon Defendants, but the fact is that the jury found that these Defendants violated the Florida Securities Laws. No circumstances peculiar to them have been pointed out by Defendants that would cause the Court to believe the statutory award of attorneys' fees is unjust.

The Court will examine the Plaintiffs' request for attorneys' fees in light of the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). Although Defendants contend that the Court should award attorneys' fees utilizing the same considerations as would a Florida court, the *Johnson* guidelines "are equally useful whenever the award of attorneys' fee is authorized by statute." *In Re First Colonial Corp. of America*, 544 F.2d 1291, 1299 (5th Cir. 1977). Furthermore, the factors used by the Florida courts in assessing attorneys' fees are based on Canon 2 of the Code of Professional Responsibility, Rule 2–106, and these criteria are essentially subsumed by the *Johnson* factors. *See Florida Medical Center, Inc. v. Von Stetina*, 436 So.2d 1022, 1031 (Fla. 4th DCA 1983). Defendants will suffer no prejudice from this Court's use of the *Johnson* criteria, which the Eleventh Circuit has mandated to facilitate its review of district court attorneys' fees orders.

(1) *The time and labor required.*

A "useful starting point" in assessing attorneys' fees is to multiply the hours reasonably expended by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Blum v. Stenson*, — U.S. —, 104 S.Ct. 1541, 1543–44, 79 L.Ed.2d 891, (1984). Defendants contend that this initial calculation is muddied by the fact that

Plaintiffs are entitled to attorneys' fees only for their Florida Securities Act claim; no such entitlement exists for Rule 10b–5 or common law fraud, negligence, and breach of fiduciary duties. Plaintiffs themselves recognize this and have discounted 31.2 hours for noncompensable claims out of the total of 556.5 spent on this matter (exclusive of travel). Defendants contend that this figure is unrealistic and have requested that the Court hold an evidentiary hearing.

This issue becomes less complicated, however, by the fact that Plaintiffs prevailed on every claim asserted. Had they brought this matter in state court under the Florida Securities Act, their manner of proceeding on the securities law violations would not have differed in any significant way. Work on the federal securities claims simply cannot be severed from work on the Florida claims. The Court has reached this conclusion from an examination of the time records submitted by Plaintiffs. And the Court agrees with Plaintiffs' assertion that relatively little time in this case was spent on preparing the common law claims. Therefore, a "useful starting point" in this case is the total of 556 hours. Plaintiffs' primary counsel, Mr. Dyer, spent a total of 343.9 hours, his associate, Ms. Dierking, spent 172.3 hours, and the paralegal, Ms. Kirsch, spent 40.3. The Defendants have not contested the reasonableness of these figures, and the Court regards this factor of prime importance in computation of the award.

(2) *The novelty and difficulty of the questions.*

This case was tried to a jury. The claim of "churning," with the necessity of proving each element, although not a novel issue is, in the Court's view, of some difficulty. Plaintiffs' success in this area was relevant to the Court's determination of a reasonable hourly rate.

(3) *The skill required to perform the legal service properly.*

The Defendants have not questioned the skill of Plaintiffs' attorneys in conducting any aspect of their services to their clients, and the Court finds they possessed the requisite skills. This factor was of importance to the Court in its determination of a reasonable hourly rate.

(4) *The preclusion of other employment by the attorney due to acceptance of this case.*

Plaintiffs' attorneys did not discuss this factor and it therefore was of no relevance in the Court's assessment.

(5) *The customary fee.*

Attorney Dyer's fee is $125.00 per hour; Ms. Dierking's fee is $60.00 per hour; and the fee for the paralegal is $25.00 per hour. Plaintiffs have submitted the Affidavits of attorneys Davisson F. Dunlap and Egerton K. van den Berg attesting that these are customary and reasonable hourly rates, and the Court finds that the rates charged are reasonable. Defendants have not contested these charges, and the fact that these fees are customary was of great weight in the Court's determination of a reasonable hourly rate.

(6) *Whether the fee is fixed or contingent.*

Plaintiffs' attorneys took this case on a wholly contingent basis. When a fee is entirely contingent and the attorney will be paid only in the event of success, the risk of undertaking representation of the client increases. To compensate for such risk-taking, the district court may enhance a compensatory fee. *Jones v. Diamond,* 636 F.2d 1364 (5th Cir.1981) (en banc). *See also Blum v. Stenson,* 104 S.Ct. at 1550 (Brennan, J., concurring). The Eleventh Circuit, however, has "specifically reject[ed] the contention that there must be enhancement in every case in which the fee is contingent." *Yates v. Mobile County Personnel Bd.,* 719 F.2d 1530, 1534 (11th Cir.1983) (citing *Marion v. Barrier,* 694 F.2d 229, 231 (11th Cir.1982).

Plaintiffs' attorneys have urged that, primarily because of the contingent nature of this case, their basic fee should be aug-

mented by a multiplier—perhaps two or three—so that they will be fully compensated. In a recent discussion of the use of a multiplier for a fee request under 42 U.S.C. § 1988, the Supreme Court in *Blum v. Stenson* stated that "[t]he burden of proving that such an adjustment is necessary to the determination of a reasonable fee is on the fee applicant." 104 S.Ct. at 1548. The Court concluded:

> In sum, we reiterate what was said in *Hensley:* "where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhancement award may be justified." 104 S.Ct. at 1550 (citing *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940).

This case, where attorneys' fees are sought under a Florida statute, is unlike the situation where attorneys' fees are sought under 42 U.S.C. § 1988. There, according to Justice Brennan in *Blum v. Stenson*, "Congress has clearly indicated that the risk of not prevailing, and therefore the risk of not recovering any attorney's fee, is a proper basis on which a district court may award an upward adjustment to an otherwise compensatory fee." 104 S.Ct. at 1550 (Brennan, J., concurring). No such intention of the Florida legislature is evident to the Court, nor can it be presumed, because cases involving securities fraud simply are not analogous to civil rights cases in terms of the types of litigants involved and the rights which those litigants seek to vindicate. The Plaintiffs have not carried the burden of proving that the contingent nature of the representation in this case, or any other exceptional circumstance, should cause the Court to enhance what it feels is a fully compensatory fee based on hourly rate times hours worked.

**(7) *Time limitations imposed by the client or the circumstances.***

Plaintiffs' attorney has not discussed this factor and the Court finds it not relevant.

**(8) *The amount involved and the results obtained.***

 The *Hensley* Court has recently held that it is appropriate to focus on the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." 103 S.Ct. at 1940. In this case Plaintiffs achieved virtually all that they sought in compensatory damages as well as substantial punitive damages against Defendants Ribaudo and Merrill Lynch. The Court recognizes that this was not an "open-and-shut" case, and the success factor was relevant to the Court's determination that Plaintiffs should be compensated for all attorney time spent on this matter.

**(9) *The experience, reputation, and ability of the attorneys.***

 Attorney Robert Dyer is a graduate of Harvard Law School. He has practiced primarily in Orlando, Florida for over twenty years, and he devotes most of his time to commercial litigation. He has been a member and chairman of the Commercial Litigation Section of the Academy of Florida Trial Lawyers. The Court is satisfied that Mr. Dyer is an experienced, reputable, and able advocate, and this factor was relevant to the Court's determination of a reasonable hourly rate.

**(10) *The undesirability of the case.***

Except for the fact that this was not an easy case to prove, Plaintiffs' counsel did not specifically comment on this point. As this is the type of case in which Plaintiffs' counsel specializes, the Court found this factor of no relevance.

**(11) *The nature and length of the professional relationship with the client.***

This factor was not relevant.

**(12) *Awards in similar cases.***

 Plaintiffs' attorney offered no examples of attorneys' fees awards in securities cases. Although the Court has not

previously awarded attorneys' fees under Section 517.211(6), Florida Statutes, it has considered awards of attorneys' fees made pursuant to various statutes, and the Court drew on this experience in assessing the reasonableness of the hours expended, the hourly rate, and the skill and experience of Plaintiffs' attorneys.

*The Award*

Having examined the parties' arguments and the Plaintiffs' affidavits in light of the *Johnson* factors, the Court has concluded that the following represents the reasonable number of hours spent on this litigation, to be compensated at reasonable and customary hourly rates:

> 344 hours at $125.00 per hour (Mr. Dyer)
> 172 hours at $ 60.00 per hour (Ms. Dierking)
> 40 hours at $ 25.00 per hour (paralegal)
> Total = $54,320.00.

■ The Court thus finds that a reasonable attorneys' fee due Plaintiffs is $54,320.00.

In accordance with all of the above, it is ORDERED:

1. Plaintiffs' Renewed Motions for Directed Verdict and Motion to Remove from the Jury's Consideration Waiver and Ratification Defenses are denied.

2. Defendants' Motion for Judgment Notwithstanding the Verdict, for a New Trial, or for Remittitur is denied.

3. Plaintiffs' Motion to Alter or Amend the Judgment to Include an Award of Prejudgment Interest is granted, and an Amended Judgment shall be entered.

4. The Clerk shall amend the Bill of Costs to delete the sum of $543.50, and the total costs taxed against Defendants are $1,676.27.

5. Defendants' Motion to Strike Plaintiffs' Reply to Merrill Lynch's Objection to Attorneys' Fees is denied.

6. Plaintiffs' Petition for Attorneys' Fees is granted.

7. Plaintiff shall recover of Defendants the sum of $54,320.00 as attorneys' fees.