Kenneth BARNEBY, et al., Plaintiffs,

v.

E.F. HUTTON & CO. and Viking Energy Management Company, Inc., Defendants.

No. 87–1420–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

April 9, 1990.

Michael C. Addison, Addison, Ketchey & Horan, P.A., Tampa, Fla., Martin T. Fletcher, Sr., Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, Ind., for plaintiffs.

James E. Saunders, Holliman, Langholz, Runnels & Dorwat, Tulsa, Okl., Lawrence O. Kamin, Wilkie Farr & Gallagher, New York City, and Eurich Z. Griffin, Carlton, Fields, Ward, Emmanuel, Smith, Cutler & Kent, P.A., Edward C. Larose, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.,

THIS CAUSE comes on for consideration upon the magistrates's report and recommendation recommending that: (1) plaintiffs' Petition for Allowance of Reasonable Attorneys' Fees and Expenses (Dkt.210) be GRANTED insofar as plaintiffs are entitled to the recovery of reasonable attorneys' fees totalling $191,135.75 as the prevailing parties in this action; (2) that insofar as plaintiffs' petition seeks costs and expenses, plaintiffs be required to file a bill of costs with the clerk of court pursuant to Rule 54(d), Fed.R.Civ.P. for determination of the costs allowable under 28 U.S.C. §§ 1821, 1920.

All parties have previously been furnished copies of the report and recommendation and have been afforded an opportunity to file objections pursuant to § 636(b)(1), Title 28, United States Code.

Upon consideration of the report and recommendation of the magistrate, all objections thereto timely filed by the parties and upon this court's independent examination of the file, it is determined that the magistrate's report and recommendation should be adopted.

Accordingly, it is now

ORDERED:

(1) that the magistrate's report and recommendation is adopted and incorporated by reference in this order of the court.

(2) that plaintiffs' Petition for Allowance of Reasonable Attorneys' Fees and Expenses (Dkt.210) is GRANTED insofar as plaintiffs are entitled to the recovery of reasonable attorneys' fees totalling $191,-135.75 as the prevailing parties in this action;

(3) that insofar as plaintiffs' petition seeks costs and expenses, plaintiffs shall be required to file a bill of costs with the clerk of court pursuant to Rule 54(d), Fed.

R.Civ.P. for determination of the costs allowable under 28 U.S.C. §§ 1821, 1920.

## REPORT AND RECOMMENDATION

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration of plaintiffs' Petition for Allowance of Reasonable Attorneys' Fees and Expenses (Dkt.210).[1] Plaintiffs seek an award of attorneys' fees and expenses pursuant to the Florida Securities and Investor Protection Act., Fla.Stat.Ann. § 517.211(6)[2] in the amount of $361,404.93 plus costs of $42,995.34.

By order dated June 19, 1989, 715 F.Supp. 1512, the court granted the plaintiffs' Motion for Summary Judgment in this securities fraud action. On November 11, 1989, the court specially referred to the undersigned magistrate for consideration and the issuance of a report and recommendation, the determination of the amount of a reasonable attorney fee to be awarded plaintiffs as prevailing parties. On January 10, 1990, plaintiffs filed their petition for attorneys' fees and expenses.

### I. Attorneys' Fees

Defendant E.F. Hutton[3] agrees that plaintiffs are entitled to an award of a reasonable attorney's fee. Nor does it dispute the reasonableness of the total number of hours claimed by plaintiffs' counsel,[4] nor the current customary hourly rates for each attorney ($85 to $150). E.F. Hutton contends that plaintiffs are simply not entitled to an award of attorneys' fees based on the contractually agreed fee that plaintiffs are obligated to pay their attorneys. The fee agreement would compensate counsel at a rate of $85.00 per hour plus a contingent fee of 15% of the total recovery. Thus, E.F. Hutton disputes the total amount claimed by plaintiffs for attorneys' fees, $361,404.93, and would limit such amount to $191,135.75, which represents the "lodestar" amount, as reasonable.[5]

Plaintiffs, although they concede that the "lodestar" approach[6] has been adopted by the Supreme Court as the proper method for determining a reasonable award of fees, argue that the fee agreement between plaintiffs and their attorneys provides relevant evidence of a reasonable hourly rate. Plaintiffs argue that the $85.00 per hour fee agreed upon represents a substantial reduction in the normal hourly rates charged by the attorneys involved, and that the contingent fee element of 15% coupled with the reduced hourly rate, totalling $361,404.93,[7] would comport with the

---

1. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c)(18), M.D.Fla.

2. Fla.Stat. § 517.211(6) states as follows:
   (6) In any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust.

3. By order of the court dated October 30, 1989 plaintiffs' claims against defendant Viking Energy Management Company, Inc. were dismissed with prejudice.

4. While there are some discrepancies in comparison of the total hours figures, defendant E.F. Hutton counts 1,665.3 hours as opposed to 1,663.8 stated in plaintiffs' brief, defendant accepts the total fee of $187,317.75 as a correct total amount based on current hourly rates of the attorneys involved.

5. Defendant E.F. Hutton includes in this figure $3,818.00 representing fees incurred by local counsel which defendant contends plaintiffs have improperly included as "costs." Defendant, however, does not dispute the reasonableness of these fees. As is discussed in part II, *infra*, the undersigned concurs that this amount is properly addressed as attorneys' fees rather than costs or expenses.

6. The "lodestar" method of determining fee awards has been embraced by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and subsequent cases and is determined by simply multiplying the reasonable hourly rate for attorney services by the number of hours reasonably expended on successful claims in the matter. *See also Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984); *and Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1298–1299 (11th Cir.1988).

7. Plaintiffs have arrived at this figure by multiplying the number of hours spent on the litigation, $1,663.8, with the $85.00 reduced hourly rate and adding the 15% contingent fee which plaintiffs have calculated to equal $219,981.00.

restitutionary nature of the Florida Securities and Investor Protection Act. Alternatively, plaintiffs argue for recovery of the lodestar amount which they calculate to equal $187,317.75 which they arrive at by multiplying the number of hours expended by the current hourly rates of the attorneys involved.[8]

■ As plaintiffs and defendants both state, an award based on the fee agreement would effectively compensate counsel at a rate of $220.00 per hour. Plaintiffs contend that this rate is "not so unreasonable as to deprive the plaintiffs of being made whole." Defendant correctly points out, however, that the standard for determining the proper recovery of attorneys' fees is reasonableness, notwithstanding the terms of a private fee agreement. *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989). The Supreme Court in *Blanchard* stated that while a contingency agreement is relevant to a determination of reasonableness, "the defendant is not, however, required to pay the amount called for in a contingent fee contract if it is more than a reasonable fee calculated in the usual way." *Id.* 109 S.Ct. at 944.

The Court in *Blanchard* noted that the twelve-factor approach set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), though decided prior to the enactment of the Civil Rights Attorney's Fee Award Act, provides guidance to Congress' intent with regard to reasonableness of fees claimed in such cases. 109 S.Ct. at 943. The twelve factors set forth in *Johnson* are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation,

and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

488 F.2d at 717–719.

The only factors with regard to which plaintiffs herein have presented arguments concerning the reasonableness of the contingency-based fee claim are (6) whether the fee is fixed or contingent, and (12) awards in similar cases. On factor (12), plaintiffs cite only two cases. First, in a state court securities fraud case, *Arnold v. Dirrim*, 398 N.E.2d 426 (Ind.Ct.App., 3d Dist.1979), the court approved with little discussion the award of fees based in part on testimony concerning a 33% customary contingent fee in securities fraud class actions. *Id.* at 441.

In the only other securities fraud case cited by plaintiffs, *Arceneaux v. Merrill Lynch Pierce Fenner & Smith*, 595 F.Supp. 171 (M.D.Fla.1984), *aff'd* 767 F.2d 1498 (11th Cir.1985), a case taken by counsel on a wholly contingent basis, the court approved as reasonable an hourly rate of $125 per hour for lead counsel and $60 per hour for associate time. 595 F.Supp. at 178. In fact, the *Arceneaux* court rejected plaintiff's contention that the fee should be enhanced based on the contingency arrangement and accepted the customary hourly rates as reasonable. *Id.* at 177.

Plaintiffs also cite *Pharr v. Housing Authority of City of Prichard*, 704 F.2d 1216 (11th Cir.1983). *Pharr* was expressly disapproved by the Supreme Court in *Blanchard*, however. *Blanchard*, 109 S.Ct. at 942–943 n. 4 and, therefore, its precedential value is now rather limited on this issue.

Plaintiffs cite no authority for the contention that the restitutionary nature of the securities laws militates in favor of awarding attorneys' fees based on the fee agreement.

The current customary hourly rates charged by the attorneys who worked on behalf of plaintiff range from $85.00 per hour for associates to $150.00 for partners

---

**8.** See footnote 5, *supra.* The difference between plaintiff's lodestar figure and defendant's lodestar figure is whether fees paid to local counsel are considered fees or costs.

Martin Fletcher, Sr. and John H. Heiney. Based on the affidavit of plaintiffs' counsel filed in *Rousseff v. E.F. Hutton Company,* No. 85–1542–CIV–T–13A (M.D.Fla. July 7, 1987) (order on attorneys' fees attached by plaintiffs herein as Exhibit "J" to their petition), hourly rates charged by attorneys in plaintiffs' counsel's firm in 1987 when the instant case was filed were essentially the same as current rates for the attorneys involved in both cases. Nor does it appear that the rates differ substantially from those charged by other attorneys in the local legal community for the same type of work performed by plaintiffs' counsel.

Accordingly, the undersigned concludes that the current customary hourly rates charged by the attorneys who worked on this case are reasonable rates.[9]

The court in *Rousseff* passed on the reasonableness of a claimed fee based on the same type of "hybrid" contingency arrangement as was agreed to by plaintiffs in this case.[10] The court, in addressing each factor to be considered under the test announced in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–719 (5th Cir.1974), considered the nature of the fee factor and stated as follows:

> Although the fee in this case was partially contingent, plaintiff's counsel did not assume the risk of not getting paid because the fee contract specified that counsel would get paid $75 an hour plus expenses even if the plaintiffs failed to recover. Therefore, little, if any, weight will be accorded this factor.

*Rousseff,* slip op. at 3. The court went on to conclude that the reasonable hourly rates for plaintiff's attorneys were those rates set forth in attorney Martin T. Fletcher's exhibit which were the usual hourly rates for attorney services and ranged from $75.00 per hour to $150.00 per hour. *Id.,* slip op. at 5. The Eleventh Circuit subsequently affirmed the district court's decision. *Rousseff v. E.F. Hutton Co.,* 867

F.2d 1281, 1282 (11th Cir.1989) (per curiam).

In light of the foregoing, the undersigned finds that the reasonable hourly rates for the attorneys involved are their current customary hourly rates, as set forth in plaintiffs' memorandum, and that 1,665.3 hours is a reasonable amount of time spent on the prosecution of this securities fraud action. Therefore, the undersigned finds that the amount of $191,-135.75, as opposed to the amount claimed by plaintiffs based on the fee agreement, represents a reasonable attorneys' fee to be awarded plaintiffs in this action.

## II. Expenses

■ Plaintiffs seek recovery of $42,-995.34 in out-of-pocket costs and expenses. Of this amount, $3,818.00 represents the attorneys' fees charged by local counsel which are more appropriately reimbursed as attorneys' fees rather than costs or expenses of the action. Accordingly, this amount, with respect to which defendant has no objection, has been included in the $191,135.75 awarded above for attorneys' fees and will not be addressed in this section.

The types of costs which may be awarded by the clerk in an action such as this are governed by 28 U.S.C. §§ 1821, 1920. Plaintiffs have cited no applicable "statute of the United States" which would authorize the assessment of costs other than those provided in 28 U.S.C. §§ 1821, 1920.

Plaintiff's citation of *Dowdell v. City of Apopka, Florida,* 698 F.2d 1181 (11th Cir. 1983) is misplaced as that case involved the award of attorneys' fees and expenses pursuant to the Civil Rights Attorney's Fees Award Act which does not apply to the case at bar.[11]

As most succinctly stated in *Sales v. Marshall,* 873 F.2d 115 (6th Cir.1989), cited by defendant, in an action brought in federal court, the award of costs is a matter of

---

**9.** As noted above, defendant accepts these current hourly rates, sought by plaintiffs in their petition, as reasonable.

**10.** In *Rousseff* the plaintiff agreed to a fee arrangement in which counsel would receive $75.00 per hour plus 10% of any recovery if the

plaintiff prevailed. *See* Exhibit "K" attached to plaintiff's petition for fees herein.

**11.** Though not specifically permitted under the Local Rules without prior leave of court, plaintiffs have filed a reply brief in which they cite *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087 (5th Cir.1982) an antitrust case which

federal procedure and, therefore, the provisions of Rule 54(d), Fed.R.Civ.P. govern the procedure for awarding costs rather than state law. *Id.* at 122. Rule 54(d) provides, in relevant part:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.... Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Plaintiffs have cited the *Rousseff* case, *supra*, as supporting the award of costs and expenses in this action. In *Rousseff*, the court apparently awarded costs and expenses determined by utilizing a percentage of the plaintiff's total investment. The court provided no more discussion of the issue, so it is unclear to what extent the issue was contested nor whether the court considered the propriety of taxing expenses in excess of those recoverable under 28 U.S.C. §§ 1821, 1920. On appeal, the Eleventh Circuit affirmed the district court's decision with no discussion of the propriety of the amount of attorneys' fees and costs awarded. *Rousseff*, 867 F.2d 1281 at 1282. Therefore, it does not appear that the precise issues raised here with regard to the award of costs were addressed in *Rousseff* at any stage in the litigation.

Accordingly, the undersigned finds that plaintiffs' petition, insofar as it applies to those items appropriately considered as costs, should be referred to the clerk of court for determination pursuant to Rule 54(d), Fed.R.Civ.P. and 28 U.S.C. §§ 1821, 1920 following the filing of a bill of costs.

It is, therefore, respectfully recommended:

(1) that plaintiffs' Petition for Allowance of Reasonable Attorneys' Fees and Expenses (Dkt.210) be GRANTED only insofar as plaintiffs are entitled to the recovery of reasonable attorneys' fees totalling $191,135.75 as the prevailing parties in this action;

(2) that insofar as plaintiffs' petition seeks costs and expenses, plaintiffs be required to file a bill of costs with the clerk of court pursuant to Rule 54(d), Fed.R. Civ.P. for determination of the costs allowable under 28 U.S.C. §§ 1821, 1920.

Respectfully submitted,

(s) <u>Elizabeth A. Jenkins</u>
ELIZABETH A. JENKINS
United States Magistrate

Dated: <u>March 15</u>, 1990.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

---

was expressly overruled in part by the Fifth Circuit in *International Woodworkers v. Champion International Corp.*, 790 F.2d 1174, 1181 (5th Cir.1986) (denying the award of expert witness fees in excess of those provided for in 28 U.S.C. § 1821), *aff'd sub nom. Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The undersigned concludes, therefore, that the *Copper Liquor* case does not alter the conclusions reached here with regard to the award of costs.