[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-12238
Non-Argument Calendar
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 95-00129-CR-H-S-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAVANNAH ELLIS MEANS,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Northern District of Alabama
_____

(June 14, 2005)

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Savannah Ellis Means, proceeding pro se, appeals the district court's denial of

her motion to vacate the forfeiture judgment entered against her co-defendants. The

district court held that Means was precluded from challenging the forfeiture

judgment, noting that the objective of her motion "was precisely the same as [she] sought by . . . five previous proceedings in this criminal case." We review the district court's application of the law of the case doctrine de novo. See Alphamed, Inc. v. B. Braun Med., Inc., 367 F.3d 1280, 1285-86 (11th Cir. 2004). After thorough review of the pertinent parts of the record and careful consideration of the parties' briefs, we affirm.

The relevant facts are straightforward. In March 1996, Means, who was indicted with many others, was found guilty by a jury and convicted for use of a communication facility in the commission of a felony, in violation of 21 U.S.C. § 843(b). On October 7, 1997, the district court entered a final order of criminal forfeiture against nine of Means's co-defendants. Means was not subject to the forfeiture order -- she was convicted on only Count 68 of the indictment and Count 68 sought no forfeiture and forfeiture was not ordered as part of Means's sentence. Prior to entry of the final order of forfeiture, on August 2, 1996 the district court entered an order authorizing seizure of the property that was the subject of the court's preliminary forfeiture orders as to nine of Means's co-defendants. The government published notice of the forfeiture on three dates and directed any person with an interest in the forfeited property to file a petition, signed under penalty of perjury and setting forth the circumstances of petitioner's right, title or interest in the forfeited

property, as required by 21 U.S.C. § 853(n), within 30 days after the last publication (September 24, 1996). It is undisputed that Means filed no such petition.

On December 8, 1997, Means filed a petition for an emergency injunction with regard to the forfeiture proceeding because the appeal of her felony conviction was still pending before this Court. On December 11, 1997, the district court denied Means's petition, stating that any loss of property was not related to Means's conviction or sentence (which did not include an order of forfeiture), but rather to the forfeiture proceedings, which affected only her co-defendants, some of whom were her children and other relatives. In the December 11, 1997 order, the court concluded because Means had not properly petitioned the court for a hearing with regard to any alleged interest, "she has no such interest now." Notably, Means did not appeal the district court's order denying her emergency injunction.

Some eight years later, after filing numerous unsuccessful challenges to the 1997 forfeiture order, Means filed the instant motion to set aside a portion of the forfeiture order. The district court noted that Means had, unsuccessfully, tried to obtain this very same relief in five previous proceedings, including: (1) the December 1997 motion for emergency injunction, the denial of which Means did not appeal; (2) a January 14, 1998 petition to vacate the forfeiture order, the appeal from which this Court dismissed on February 8, 1999 in Case No. 98-6109; (3) a September 18, 2001

petition to return her residence, the appeal from which this Court dismissed in Case No. 01-16157; (4) a January 15, 2003 motion to set aside the forfeiture order, the appeal from which we dismissed in Case No. 03-10973; and (5) a June 2, 2003 motion to set aside the forfeiture order, the denial of which Means did not appeal. In light of the prior proceedings, the district court denied Means's current motion to set aside a portion of the forfeiture order. This appeal followed.

"Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case." Alphamed, 367 F.3d at 1285-86. "[A] legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997). The law of the case doctrine applies unless: (1) our prior decision resulted from a trial where the parties presented substantially different evidence from the case at bar; (2) subsequently released controlling authority dictates a contrary result; or (3) the prior decision was clearly erroneous and would work manifest injustice. Alphamed, 367 F.3d at 1286 n.3. The law of the case doctrine applies in both the civil and criminal context. See id.; Escobar-Urrego, 110 F.3d at 1560-61. When a party does not appeal an order by the district court, that order

becomes the law of the case. <u>See</u> <u>Silverberg v. Paine, Webber, Jackson & Curtis,</u> <u>Inc.</u>, 724 F.2d 1456, 1457 (11th Cir.1983).

Simply put, Means did not appeal the district court's order denying her December 1997 petition for an emergency injunction, in which the district court concluded that Means had <u>no interest</u> in the forfeiture proceedings or the forfeited property, based on her failure to petition for a hearing on any such interest. Thus, the district court's order, and more specifically, its conclusion that Means had no recognizable interest, became the law of the case. Means has not established that any of the exceptions to the law of the case doctrine apply. Accordingly, her appeal is precluded by the law of the case doctrine.

**AFFIRMED**.